1813.

MOULSON
v.
REES.

---

## MASTELLER against TRIMBLY.

IN ERROR.

E̲RROR to the Common Pleas of *Northumberland*.

'The action was in its origin trespass, not exceeding fifty dollars, brought before a justice of the peace, under the act of 1st *March* 1799, 3 *Smith's* Laws, 354; in which the plaintiff *Trimbly* demanded 50 dollars, " damages sustained " by the defendant's cheating the plaintiff's servant, a minor, " in trading a horse for a mare, for which the servant had " no authority to trade." The case was referred to arbitrators who awarded to the plaintiff 52 dollars 50 cents. The defendant appealed to the Common Pleas, where there was a second reference, and award for the same sum; and the plaintiff released 2 dollars 50 cents, the excess beyond the magistrate's jurisdiction, by the act of 13th *April* 1807. 4 *Smith's Laws*, 470.

· The only error relied upon was the want of jurisdiction in the justice.

*Sunbury,*
*Friday,*
June 4.

The act of 1st *March* 1799, which extends the powers of justices to suits brought for the recovery of damages for any *trespass, wrong,* or *injury,* done or committed against the real or personal estate of the plaintiff, where the damages do not exceed 20 dollars, (afterwards increased to 50 dollars,) only comprehends cases where the damage arises by an actual or immediate injury operating upon the body of the property.

*Maus* and *Duncan*, for the plaintiff in error.

*Hall*, contra.

1813.

MASTELLER
v.
TRIMBLY.

TILGHMAN C. J. delivered judgment.

We are of opinion that the act of 1st *March* 1799, under which this suit was brought, did not give jurisdiction to justices of the peace, except in cases where damage arises by an actual and immediate injury done to real or personal property. It was not meant to include injuries arising without any act operating immediately on the body of the property: such for instance as the present case, which was cheating in a bargain concerning a horse. If the words were taken in their greatest possible extent, they would include Trover and Conversion, which was never supposed to be within the act, and in which jurisdiction was subsequently given by the act of 4th *April* 1809. There are expressions also respecting the estimating the damages, by *view or otherwise*, which seem to suppose that it must be a damage which might be judged of by inspection. Trespass against property in common parlance, means an act, by which immediate injury is done to the property, and this is the sense in which the legislature used it. The cause of action in this case was not of that nature; the justice therefore had no jurisdiction, and the judgment must be reversed.

Judgment reversed.