## Withers *against* Livezey.

In an action upon a recognizance entered into to obtain a stay of execution upon a judgment, it is not competent for the defendant to give parol evidence to contradict, alter or explain the original judgment in which the recognizance was given.

Nor is it competent in such action for the plaintiffs to give evidence of any collateral security given to the defendants to indemnify them against their liability on the recognizance.

ERROR to the District Court of *Lancaster* county.

This was a writ of *scire facias* upon a recognizance, entered into by the defendant, John Withers, as bail for Augustus Withers and John Withers, Jr., to procure a stay of execution upon a judgment against them in favour of the plaintiffs, Joseph Livezey and Charles B. Kimball, for the sum of $204.41, with interest from the 10th of July 1839. The defendant pleaded *nul tiel record* and *nil debet*, to which the plaintiffs replied that there was such a record, and took issue likewise on the plea of *nil debet*. On the trial of this latter issue, the counsel for the plaintiffs gave in evidence a recognizance entered into and acknowledged by the defendant before the prothonotary of the said District Court in the following words:

" February 28th 1829, I hereby become bail for the defendants above-named, in the above suit, for the amount of the debt, interest and costs due by them to the above plaintiffs, in order to enable them, (the defendants) to claim the stay of execution according to law.

" Attest, R. F. RAUCH."          " JOHN WITHERS. [SEAL].

This recognizance was entered upon the record of a suit expressly referred to therein, which was also given in evidence, and showed that it was commenced on the 4th of January 1839, in the said District Court, by the plaintiffs in this case suing out a writ of *capias ad respondendum*, in a plea of debt on a promissory note, not exceeding $400, and requiring bail in the like sum, against Augustus Withers, John Withers, Jr., Joel Pennock and Caleb Swayne, doing business in the name and firm of A. & J. Withers & Co., returnable to the following February Term of the said court. To this writ the sheriff returned " C. C. and B. B. as to A. and J. Withers, and N. E. I. as to the others;" and at the same time filed the bail-bond taken of A. & J. Withers and the defendant in this suit as their bail, in the prothonotary's office. After the return of the writ thus made by the sheriff, a judgment

I.—55          2 M

[Withers v. Livezey.]

was confessed thereon, on the 28th of February 1839, the before prothonotary in the following form, to wit:

" February 28th 1839, we hereby confess judgment to the plaintiffs in this suit, for the sum of two hundred and four dollars and forty-one cents, ($204.41,) with interest from the 10th day of July 1839. Witness our hands and seals, the day and year aforesaid.

Signed,   " A. & J. WITHERS & Co.  [SEAL].

Attest, " R. F. RAUCH."

On this judgment a *fieri facias* was issued afterwards, the stay of execution thereon having expired, returnable to December Term 1839 of the said court, whereupon the sheriff returned " *nulla bona.*" Then the *scire facias* in this case was sued out to the February Term following.

The plaintiffs, after giving the records of the foregoing proceedings in evidence, offered to read in evidence a deed in trust dated 19th September 1839, by Augustus Withers and John Withers, Jr., to John Withers, the defendant in this suit, and Peter Reitzel, recorded the 20th of September 1839, in which the assignors preferred the said defendant for all liabilities incurred on their account. To this offer the defendant objected, and the court thereupon overruled the evidence. The plaintiffs excepted to the opinion of the court in this respect, and the court accordingly sealed a bill of exceptions.

The defendant then offered to prove by R. Rauch and Thomas B. Withers, that the judgment was confessed by Augustus Withers alone, and that John Withers, Jr. was not present at the time of doing it. The plaintiffs objected to this evidence being given, but the court overruled their objection; and upon exception taken thereto by the plaintiffs, sealed a bill of exceptions.

After the close of the evidence on both sides, the counsel for the plaintiffs requested the court to instruct the jury that the record given in evidence imported absolute verity, and must be judged of by itself; that no parol evidence could be admitted either to explain or contradict it; and that the jury were therefore bound to disregard the testimony of R. Rauch and Thomas B. Withers. The court, however, instructed the jury, that the record having been given in evidence by the plaintiffs and passed to the jury in support of the issue of fact, it was competent for the defendant in maintaining that issue on his part, the issue of *nil debet*, to give in evidence matters relevant thereto, which were in consistency with the record and in support of it. And such were the matters stated by the witnesses mentioned; and therefore they ought not to disregard their testimony. To this direction of the court the plaintiffs excepted.

The plaintiffs assigned for error:

1. The rejection of the deed offered in evidence by them.

[Withers v. Livezey.]

2. The admission of the parol evidence going to explain and contradict the record of the judgment given in evidence.

3. The direction given to the jury in regard to this evidence, and the misconstruction of the record itself by the court in their charge to the jury.

*Jenkins* and *Fordney*, for the plaintiffs in error, in support of the second error, cited *Patton* v. *Miller*, 13 *Serg. & Rawle* 254; *Taylor* v. *Coryell*, 12 *Serg. & Rawle* 243.

*Reigart*, for the defendant in error, cited 1 *Penn. Rep.* 292; 2 *Id.* 177; *Act of the* 16*th of June* 1836, *Sec.* 4, *Parke & Johns. Dig.* 570.

The opinion of the Court was delivered by

KENNEDY, J.—The suit here is founded upon the recognizance of the defendant, and the deed mentioned in the first error has no connexion whatever with the recognizance, so as to render it binding, or to show that the defendant had not complied with it; and would seem, therefore, to have been wholly irrelevant, and the reading of it in evidence to the jury properly rejected by the court.

But the admission of the parol evidence mentioned in the second error, was, as we conceive, erroneous. The recognizance being a matter of record, could not be explained or altered by such evidence. It was for the court to construe and declare the effect of it as matter of law to the jury. So for the same reason the judgment confessed, which furnished the occasion for entering into the recognizance, could not be explained or altered by the introduction of parol evidence. Whether it was a judgment against one or more defendants, or against Augustus Withers and John Withers, Jr., as set forth in the *scire facias*, was a question to be determined by the court upon an inspection of the record merely, without any extraneous aid to be derived from such evidence. Besides, the judgment recited in the *scire facias* was only inducement to the recognizance; and whether it was correctly recited therein or not, was a question, I apprehend, which it was not competent to the defendant to raise upon the plea of *nil debet*. For this purpose he ought to have put in a special plea, averring that there was no such judgment, if he conceived the fact to be so. *Nil debet* was an improper plea at any rate, and not at all applicable to the case; and had the plaintiffs demurred to it, must have been so held. 1 *Saund.* 38. *n.* 3; 2 *Saund.* 187. *n.* 2. In *debt* on a simple contract or legal liability, or for an escape, or on a penal statute, or where a deed is only inducement to an action, as in debt for rent under a lease by indenture, the general issue is *nil debet*, and is in such cases the proper plea. 1 *Saund.* 38. *n.* 3; 2 *Saund.* 187. And notwithstanding it may be, that if

the plaintiff fail to demur to it when it is improper, it will cast upon him the burthen of proving every allegation in his declaration, and entitle the defendant to avail himself of any defence which he might set up under the plea of *nil debet* in other cases where it would be strictly proper. 5 *Esp. Rep.* 38; 2 *Saund.* 187 *a;* yet it would be going too far, to say that every defence of a special nature, such for instance as a tender, 1 *Chitty, Pl.* 422, might be made under it.

Having thus shown that the parol evidence ought not to have been admitted, it follows as a necessary corollary, that the direction given by the court in regard to it, to the jury, was also erroneous. Seeing it was improperly received, the court ought to have instructed the jury, as requested by the counsel for the plaintiffs, to throw it entirely out of their view. But the court also, as it appears to us, erred in charging the jury that the judgment confessed was only to be regarded as a judgment against one of the defendants. For from the terms in which it is confessed, it clearly purports to be a judgment against more than one defendant. The language employed in the confession is, "*We* hereby confess judgment to the plaintiffs," &c. Thus using the plural number, "We" instead of "I," as it would doubtless have been, had the confession of judgment been intended for one only of the defendants. But to show still farther and more clearly, that it was designed to be a confession of judgment by Augustus Withers and John Withers, Jr., at least, their names are actually subscribed to the confession; for "A. & J. Withers," must be taken clearly to mean those two defendants, and can not possibly be construed to mean any others. These two defendants were served with the original process; the other two named therein could not be found by the sheriff, and consequently were not taken or served with it; and therefore could not well be considered as being in court: but Augustus Withers and John Withers, Jr., having been arrested under the process, and given bail to answer the demand of the plaintiffs, but having no defence to make against it, could not escape from having a judgment rendered against them; and therefore may be considered as exclusively embraced in the confession of the judgment, notwithstanding the addition of "& Co." to the names of A. & J. Withers, subscribed thereto. This addition "& Co." must be considered as of no effect, seeing the other defendants named in the original writ, were not brought by means thereof into court, to answer the plaintiffs. But the court below seem to have considered the judgment, upon an inspection of the record, as being operative against one only of the defendants, that is, one of the Witherses, and void as to the other; but not being able to discover from the record itself, against which of the Witherses it was good, were led into the error of admitting the parol evidence to clear up this doubt or ambiguity. If such an ambiguity had really existed, it

[Withers v. Livezey.]

would perhaps have been more correct, to have held the judgment void altogether, for uncertainty. But it is perfectly manifest from the face of the record, that the judgment was intended to operate against both the Witherses; and that in its terms it is a judgment confessed against them both. Whether, supposing it to have been confessed by Augustus Withers, in the absence of John Withers, Jr., he had sufficient authority from John to confess the judgment against him, is a question that could not properly arise on the trial of this cause: because the defendant being no party to it, and his rights not at all affected by it, he could not interpose such an objection as a defence, no more than special bail could the irregularity of the judgment obtained or entered against his principal. John Withers, Jr., was the only one who had any right to make such objection, as he was the only person whose rights could be affected thereby. But it would not have been competent even for him, upon a *scire facias* sued out against him and Augustus to revive the judgment, to have set up such an objection as a defence, under any plea that he could have devised. The judgment, though entered by the confession of Augustus against John, without authority, would only have been voidable at most, and therefore must be considered a valid judgment until vacated or set aside by the court, upon an application made to it for that purpose, by John himself. 2 *Caines' Rep.* 254; 2 *Bl. Rep.* 1133.

Besides, it was considered by the defendant in this case, as a valid judgment against both Augustus and John Withers, Jr., at the time he entered into the recognizance; for the terms of it are, "I hereby become bail for the *defendants* (in the plural number) above named, &c., in order to enable them to claim the *stay of execution* according to law." Now as to the defendants above named, who were in danger of having an execution issued against them, it could only be those against whom judgment was entered at that time, and they were Augustus Withers and John Withers, Jr. There is not, therefore, the slightest pretence for saying that the defendant here is called on to pay the amount of the judgment, contrary to the form of his recognizance, in any respect whatever, and the understanding which he must have had of it when he entered into it.

Judgment affirmed.