## Clark *against* M'Comman.

In an action upon a recognizance, which originated before a justice of the peace, the validity of it cannot be questioned either by proof that it was illegally taken by the justice, or that it was fraudulently taken. The only remedy for the recognizor is an application to the justice to reform or to set it aside.

ERROR to the Common Pleas of *Erie* county.

Perry M'Comman against James Clark. This was a *scire facias* upon a recognizance alleged to have been entered into by James Clark, the defendant, in a certain action of debt by Perry M'Comman against James Dunn, to entitle the defendant to a stay of execution. The defendant pleaded *nul tiel record, nil debet* and payment.

The plaintiff gave in evidence the recognizance as taken by the justice.

The defendant then offered to prove by the justice himself that the defendant in this suit was not present when the entry of bail for the stay of execution was made, and that it was entered upon a note or memorandum in writing, purporting to be signed by the defendant, in the handwriting of another person, without his knowledge or consent.

To which evidence the plaintiff objected, and the court (CHURCH, President) overruled the offer on the ground that the proceedings of the justice could not be collaterally impeached. The defendant excepted, and this was the subject of the error assigned.

*Galbreath*, for plaintiff in error, cited 1 *Binn.* 105; 10 *Watts* 118; 1 *Penn. Rep.* 15; *Purd. Dig.* 527, ed. of 1841; 1 *Ash. Rep.* 74; 13 *Serg. & Rawle* 194.

*Babbitt*, for defendant in error, cited 8 *Watts* 166; 1 *Watts & Serg.* 433; 2 *Watts & Serg.* 377; 10 *Watts* 101.

The opinion of the Court was delivered by

ROGERS, J.—This was a *scire facias* on a recognizance of bail taken by a justice of the peace to obtain the stay of an execution on a judgment. The case came before the Court of Common Pleas on an appeal from the decision of the justice. On the trial, the defence was that the recognizor was not present when the entry of bail for the stay of execution was made; that it was entered on a note or memorandum in writing, purporting to be signed by the defendant, in the handwriting of another person, without his knowledge or consent. This the defendant offered to prove under

the pleas of *nul tiel record, nil debet* and payment with leave, &c.; but the court overruled the evidence. In this, it is alleged, there was error.

Without entering into the question whether it is competent for the justice to enter a recognizance of bail under or with authority from the recognizor, without his actual presence, it must be conceded that if the facts be as is alleged, and we must take them to be true, the defendant has a valid defence. He offers to prove that the justice had no authority from the recognizor whatever; that he was imposed upon by fraud; that the letter was not in his handwriting, and that it was without his knowledge or consent. The only question is as to the manner in which he shall obtain relief from the recognizance taken by the justice, and which appears in regular and proper form on his docket. On this point, several cases have been ruled which bear directly on this case. Thus, in an action of debt on a recognizance entered into to obtain a stay of execution upon a judgment, it is not competent for a defendant to give parol evidence to contradict, alter or explain the original judgment in which the recognizance was given. *Withers* v. *Livezey*, (1 *Watts & Serg.* 433). Mistake or fraud in making up a record can neither be averred nor proved by parol evidence in a collateral proceeding, nor in an action founded on it. The only mode of relief is through the court where the record is thus erroneous. The record must be received as absolute verity, and speak for itself. If wrong, the only mode of having it corrected is by application to the court where the proceeding or judgment was had, to have it reformed according to the truth, or vacated, as may be requisite. In no other manner can a party or privy to the judgment or proceeding be relieved. *Morris* v. *Galbreath*, (8 *Watts* 166); *Hoffman* v. *Coster*, (2 *Whart.* 452).

If, therefore, the recognizance had been taken in court, instead of before a justice, the authorities conclusively show that such a defence would not avail the defendant, because it would be a contradiction of the record, which imports absolute verity. The remedy would be by application to the court in which the proceedings were had, to vacate or set aside the recognizance, or, if there was doubt about the fact, to direct an issue to try it. Is, then, the same principle applicable to a recognizance taken by a justice? We are of opinion that in this particular they are governed by the same rules. It is true that the proceedings of a justice are not technically a record, for the court is not a court of record; but they are in the nature of a record, and, being judicial proceedings, they cannot be controverted collaterally, or in a suit grounded on the judgment of the justice. Taking a recognizance is a judicial act, which cannot be questioned except by the authority which takes it; and this principle is necessary to preserve uniformity and certainty in judicial proceedings. In *Hasslet* v. *Ford*, (1 *Watts & Serg.* 433), it is ruled that the validity of a

[Clark v. M'Comman.]

judgment of a justice of the peace cannot be controverted in a collateral proceeding by a stranger to it. In the opinion it is said, "The justice is a judge of a court which, deriving its jurisdiction from statutory grants, proceeds in most things according to the substance contained in the forms of the common law; and his docket, as to things adjudicated by him, has the conclusiveness of a record. So in *Coffman* v. *Hampton*, (2 *Watts & Serg.* 377). The docket of a justice of the peace is the best evidence to show the cause of action before him, and parol evidence is inadmissible to contradict or vary it.

If the authorities above cited are to be viewed as a correct exposition of the law, it would seem that the proceedings of a justice, as to their conclusiveness, are placed on the same platform as the adjudications of a common-law court; and it would be difficult to assign a reason for any distinction between them. The rule is founded in convenience, and is as applicable to one tribunal as the other. It follows from this that the defendant's remedy is the same as it would have been, had the recognizance been taken in court; and this, we have seen, would be by application to the court to vacate it or set it aside. In all cases, then, the recognizor must apply for relief to the justice. He cannot be permitted to question its validity when a suit has been brought upon it, because, being a judicial act, its verity cannot be contradicted collaterally.

Judgment affirmed.