## The Delaware & Hudson Canal Co. *versus* Loftus.

1. A party waives his right to quash, by acquiescence in an appeal from a justice, and this may be inferred from delay as well as other acts.
2. Appearing to an appeal and receiving pleas without objection till the third term, was a waiver to an objection to the form of the appeal.
3. The justice's transcript showed "summons in debt," and " plaintiff claimed in a plea of debt for work and labor done for defendants," judgment for plaintiff, and appeal by defendants under the general law : nothing appearing on the docket to show that the labor was under the Act of March 12th 1859, for securing compensation for labor in Luzerne. The court, on the affidavit of plaintiff that the labor was of the kind mentioned in the act, struck off the appeal because not taken in accordance with it. *Held* to be error, the justice's transcript could not be aided by the affidavit.
4. That the claim was under the Act of 1859, should appear by the justice's record.

March 11th 1871. Before Thompson, C. J., Sharswood and Williams, JJ. Agnew, J., at Nisi Prius.

Writs of error to the Mayor's Court of Scranton : No. 408 and 409, to January Term 1871.

The causes of action in both the cases brought up by these writs of error were precisely similar. They were suits brought by James Loftus against The Managers and Company of the Delaware and

[Delaware & Hudson Canal Co. v. Loftus.]

Hudson Canal Company, before M. W. Loftus, a justice of the peace.

The first was a " Summons Debt," issued May 31st 1869. * * *

" Now, June 7th 1869, parties appear and plaintiff claims $26 in a plea of debt for work and labor done for defendants, and adjourned by request of defendants until June 14th 1869, at 1 P. M. * * *

" Now, June 15th 1869, at 4 P. M.    Judgment publicly in favor of plaintiff for $26, against the defendants, with costs.

" Now, June 25th 1869, defendants appeal.    I am held in the sum of $75 as bail absolute, conditioned for the payment of all costs accrued or that may be legally recovered against the appellants on final adjudication in this case, according to the Acts of Assembly in such cases made and provided.            JAMES JORDEN."

The appeals were filed in the Common Pleas, August 31st 1869. December 22d 1869, defendants pleaded " non assumpsit," &c.'

On the 19th of January 1870, the plaintiff filed the following affidavit :—

" James Loftus, the plaintiff above named, being duly sworn according to law, deposeth and saith, that the action in this case was brought against the above-named defendants, being a company engaged in the mining of coal in the county of Luzerne, for the recovery of wages and moneys due to the said plaintiff from the said defendants for labor and service performed for the said defendants by the said plaintiff during the year 1869, said plaintiff then being a laborer employed in and about the coal business of said defendants at their coal-mines in the township of Blakely, county of Luzerne, Pennyslvania."

And on the 16th of February the court granted a rule on the defendants to show cause why the appeal should not be stricken off.

The plaintiff took depositions to prove that the cause of action was within the Act of March 30th 1859, hereafter stated.

" 7th November, 1870, ' Court permit defendants to file an affidavit under Act of Assembly, and otherwise perfect his appeal by the first day of next term, and thereupon rules in these cases to be discharged, otherwise rules to be made absolute.'

" 29th December, 1870, on motion of W. H. Stanton, attorney for plaintiff, the court order the rules in these cases to be made absolute."

The Act of March 30th 1859, § 7, Pamph. L. 305, provides that in appeals from judgments of justices of the peace for wages, &c., for labor from any person or chartered company engaged in mining coal in the county of Luzerne, the appellant shall make oath that it is not for the purpose of delay, but because he firmly believes injustice has been done, and the bail on appeal shall be absolute in double the amount of the judgment and costs.

The defendants took a writ of error, and assigned for error the proceedings to strike off the appeal, and making the rule absolute.

[Delaware & Hudson Canal Co. *v.* Loftus.]

*Hand & Post*, for plaintiffs in error.—It was too late to make the motion after defendants below had entered their pleas, and at the third term of court after the appeals had been entered: Weidner *v.* Matthews, 1 Jones 339; Zeigler *v.* Fowler, 3 S. & R. 238; Cameron *v.* Montgomery, 13 Id. 128; Clark *v.* McNulty, 3 Id. 364.

The record did not show that the judgment was for the labor provided for in the act, and the defendants were required only to notice what appeared on the record of the alderman. This deposition should not have been received.

The docket of a justice is the best evidence of what transpired before the justice: Coffman *v.* Hampton, 2 W. & S. 377; Seibert *v.* Kline, 1 Barr 43.

There was no argument or paper-book by defendant in error.

The opinion of the court was delivered, May 13th 1873, by

THOMPSON, C. J.—The defendant in error in these cases has not furnished an argument written or oral to this court; we have, however, given to the assignments of error all due consideration, but without being able to coincide with the learned recorder in opinion, that it was proper to quash these appeals of the plaintiff in error, from the judgment of the alderman.

In the first place the plaintiff below was too late in making his motion to quash. The appeals were taken and entered to the September Term of the court, and the plaintiff appeared to them by counsel. At December Term the defendant pleaded to the action non assumpsit, payment with leave, and set-off. On the 16th of February 1870, at the third term, says the paper-book of the plaintiffs in error, on motion of the plaintiff's attorney and affidavit filed, the court grant a rule on defendants to show cause why the appeals should not be stricken off. A rule to take depositions to be read on this rule was entered by plaintiff, and depositions were taken and filed on the 14th May 1870. Under this testimony a rule was entered against defendants to file an affidavit under the Act of Assembly, and otherwise perfect the appeals by the next term, or in default, the rule to strike off to be made absolute. Accordingly, on default of the defendants to comply with the rules, the appeals, or rather the two appeals, were stricken off.

The cases are too numerous to require citation, that a party waives his right to quash by acquiescence in an appeal; and this may be inferred from delay as well as other acts. Now was not the act of appearing to the appeals by the plaintiff in this case, and receiving pleas by the defendants without objection, until the third term of the court, a waiver of objection to the form of the appeals, even if objectionable for the reasons on which they were struck off? Undoubtedly the defendant must have expected and was

[Delaware & Hudson Canal Co. *v.* Loftus.]

preparing all this time to try its cases on the appeals. This is shown by its attention to the cases, as the pleas entered evidently show. In Weidner *v.* Matthews, 1 Jones 336, it was held as it had been before, in the cases cited in the opinion of the learned judge, that " objections to the recognisance, &c., on appeal, must be taken in a reasonable time, and *before other steps are taken* to prepare the case for trial, or they will be considered as waived :" Clark *v.* McNulty, 3 S. & R. 364, and Cameron *v.* Montgomery, 13 Id. 128, fully sustain this doctrine. The same principle is to be found in Carothers *v.* Cummings, 13 P. F. Smith 199. We think the *laches* of plaintiff in moving to quash the appeals, he being in court by appearance on the record all the while, and having notice of defendant's preparation for defence, were too great at the third term, to entitle him to success, and that the court erred in striking them off.

But on the face of the justice's transcripts there were really no grounds for objection to the appeals. They were taken and entered in time ; the recognisances were in the usual form, and the bail sufficient. The justice's transcripts did not show that the action was brought under the Act " For the better securing the compensation of labor in the county of Luzerne," passed the 12th of March 1859. Nor did it appear that the defendant was engaged in mining coal, and that in this business the plaintiff had performed the labor and services for which he sued. Had all this appeared by the justice's transcript, it would have been apparent that the recognisances were insufficient, and the appeals incomplete for want of the affidavit required by that Act ; but this appears not otherwise than by the affidavit of the plaintiff made after the appeals taken. But it was not thus that the justice's transcript could be supplemented, when the effect would be to deprive the defendant of trial by jury. The cases on the transcript were the ordinary cases for work and labor, and the appeals were in proper form in such cases, and we think the learned recorder erred in going outside the record for a reason for striking them off.

The judgments of the Mayor's Court striking off the appeals are reversed, and the cases are ordered to be reinstated, to be proceeded in according to law.