# Connellsville Grocery Co. v. Springer.

A Justice has jurisdiction of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate when the damages are such as arise where the injury is immediate and would be recoverable in the common law action of *trespass vi et armis* and not such as are consequential and would be recoverable, if at all, only in an action of trespass on the case.

A Justice has jurisdiction where his record discloses that "Plaintiff brings suit against defendant for driving his horse and carriage into the buggy of plaintiff, . . ." as the defendant is charged with doing an immediate damage to personal property and the common law action of *trespass vi et armis* would be the appropriate form of action through which to obtain a remedy.

Where the plaintiff has an election of actions and chooses to proceed for the recovery of consequential damages rather than those arising immediately from the injury, his remedy is in the Common Pleas and not before a Justice.

JURISDICTION—TRESPASS VI ET ARMIS—CONSEQUENTIAL
DAMAGES.

Certiorari to J. Lyman Loucks, J. P.

No. 247, November Term, 1901; C. P. of Westmoreland County.

Williams, Sloan & Griffith, Esqs., Attys. for Plaintiff in Error.

W. S. Byers, Esq., Atty. for Defendant in Error.

Opinion by McCONNELL, J.

## SPECIFICATIONS OF ERROR.

AND NOW, November, 1901, comes plaintiff above named, by Williams, Sloan & Griffith, his attorneys, and to the judgments and proceedings returned in above case assigns the following errors, to wit:

1. The Justice of the Peace was without jurisdiction of the questions involved in this case.

2. The transcript filed by him shows the issue of a capias in trespass, but fails to show a proper service of the capias issued.

3. The record of the Justice of the Peace as returned by him is deficient and diminution thereof is alleged in that the writ of capias in question is not returned with the record, nor is there

Connellsville Grocery Co. v. Springer.

any record to show the original return of the constable, W. J Randolph, to the writ.

4. The writ issued is in trespass, and the proofs show the case to be one of negligence.

5. The record fails to show that a hearing was had between the hours designated on the original writ and on the record of the adjournment.

6. The record fails to show the hour at which judgment was entered.

7. The record of the Justice of the Peace as returned dated 12 October, 1901, does not correspond with the transcript thereof as furnished to the plaintiff by the Justice of the Peace on 24 September, 1901; said transcript being hereto attached and made part hereof.

Williams, Sloan & Griffith,
Attorneys for J. N. Springer, Plaintiff in Error.

BY THE COURT.—The Act of March 1, 1799, 3 Smith Laws 354, provided "for the recovery of damages for any trespass, wrong or injury done or committed against the real or personal estate of the plaintiff."

That Act was construed not to "give jurisdiction to Justices of the Peace except in cases where damage arises by an actual and immediate injury done to real or personal property." It was not meant to include injuries arising without any act operating immediately on the body of the property. There are expressions also respecting the estimating the damages, by *view or otherwise* which seem to suppose that it must be a damage which might be judged of by inspection. Trespass against property in common parlance means an act, by which immediate injury is done to the property, and this is the sense in which the legislature uses it.

Tilghman, C. J., in Marsteller v. Trimbly, 6 Bin. 33.

The Act of 22d Mch., 1814, 6 Smith 182, provided that "the Justices of the Peace of the several counties of this Commonwealth shall have jurisdiction in acts of trover and conversion,

and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed, or the damages alleged to have been sustained, shall not exceed one hundred dollars." By the act 7 July, '79, this jurisdiction was extended to $300.

This Act was construed in the same way as the Act of 1799, Justices have no jurisdiction in cases of consequential damages.

Harrijas v. McGill, 1 Ash. 152.

In negligence cases the injury is consequential. "The fact that the damages caused were the result of the negligence of the defendant shows them in their very nature to have been consequential."

Thilow v. Phila. Traction Co., 4 Dist. 83.

A Justice would have jurisdiction of an action of trespass *vi et armis,* but not of an action of trespass on the case.

We must therefore look into the record to see whether the case therein set up is an action of trespass *vi et armis* or an action of trespass on the case. In the case last cited the record showed the following cause of action: "Plaintiff sworn, claims of $11.75 damages for injury to personal property to wit: One wagon, caused by striking the said wagon on the public highway, to wit: Ridge Avenue, in the City of Philadelphia, by a trolley car operated by the defendant and under their control upon July 21, A. D. 1894, *owing to the negligence of the defendant."*

This was held by Judge Biddle to be a suit of trespass on the case for consequential and unliquidated damages and that therefore the Justice had no jurisdiction.

In the case of Grosley v. Wright, 2 Kulp 415, the plaintiff's claim is thus stated: "Plaintiff sworn, presents bill, amount paid Charles Smith damage for repairing buggy that defendant broke by running into it, on or about the 17th of January, 1881, $2.65; also claimed $2.50 for *loss of buggy while awaiting repairs, and trouble;* total amount of damages, $5.15."

Connellsville Grocery Co. v. Springer.

Judge Rice says in his opinion in the case: "It is the nature of the plaintiff's demand, and not merely the form of action in which the summons issues, which gives the Justice jurisdiction, and it is from the statement of the plaintiff's demand we must determine the question of his jurisdiction. A Justice has jurisdiction of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate. It has been many times decided that the damages for which a plaintiff may sue in this form of action are such as arise where the injury is immediate, and would be recoverable in the Common Law action of trespass *vi et armis*, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case. Where the plaintiff has an election of actions, and chooses to proceed for the recovery of consequential damages, rather than for those arising immediately from the injury, it is equally clear that his remedy is in the Common Pleas, and not before a Justice of the Peace. These principles, we think, too well decided to need the citation of authorities in their support. And here lies the error in this case. The demand of 'two dollars and fifty cents for loss of buggy while awaiting repairs and trouble,' is clearly for consequential damages, which could not be recovered in an action of trespass, and, if at all, only in an action of trespass on the case, and therefore was not within the jurisdiction of the Justice. Neither could it be brought within his jurisdiction by writing it with a demand of which he could take cognizance. We have no power to divide the judgment, and to affirm that part of it which is well founded, and therefore on account of the error stated the whole proceedings must be set aside."

In both these cases the proceedings were set aside because the cause of action was for consequential damages. In the first case the cause was wholly of that nature—in the latter it was partially so. With these cases as illustrations, let us look at the cause of action shown on the Justice's record in this case: "Plaintiff brings suit against defendant for driving his horse and car-

riage into the buggy of the plaintiff on the public road in East Huntingdon Township, Westmoreland County, Pa. Claim of plaintiff $5.00 damages."

This is substantially the language in which the plaintiff in the case of Grosley v. Wright states the first part of his claim. Judge Rice plainly indicates that that portion of the plaintiff's claim is within the jurisdiction of the Justice. He says "except in one particular this record is without error." The erroneous part of the record related only to the part of the claim "for loss of buggy awaiting repairs and trouble." No part of the record before us corresponds to the erroneous part of that record—but all of this record is substantially the same as the part of the record that was there held to be good.

It charges the defendant with doing an immediate damage to personal property, and the common law action of trespass *vi et armis* would be the appropriate form of action through which to obtain a remedy. Of this the Justice has jurisdiction. There is no claim here made for consequential injuries—nor is it alleged that the cause of the injury was the negligence of the defendant.

Because the record on its face shows jurisdiction. The specification alleging to contrary is overruled.

No other specification was argued or pressed. No comment is needed with respect thereto. They are all overruled.

The proceedings before the Justice are affirmed.

Reported by Marker & Hollingsworth, Esqs.,
Greensburg, Pa.