## Emlenton Water Company v. Kelly.

*Justice of the peace—Record—Amendment—Certiorari—Act of June 14, 1923.*

1. A docket entry of a justice of the peace cannot be amended after the proceedings have been brought into the Court of Common Pleas on *certiorari*.

2. A writ of *certiorari* operates as a *supersedeas* by implication, because it takes the record out of the custody of the inferior court and leaves nothing there upon which to proceed.

Motor Vehicle Act of June 14, 1923, § 30, P. L. 718, considered.

Rule to show cause why amended transcript of justice of the peace should not be filed. C. P. Venango Co., April T., 1927, No. 30.

*Q. B. Hastings*, for plaintiff.

*M. L. McBride* and *John L. Nesbit*, for defendant.

PARKER, P. J., July, 1927.—On Jan. 17, 1927, a summons in trespass was issued in the above-entitled case by Mr. M. R. Henderson, alderman and *ex officio* justice of the peace of one of the wards of the City of Franklin, Venango County, Pa. The transcript of the justice shows that the summons was served upon the defendant on Jan. 21, 1927, in Mercer County, Pa., by the sheriff of that county.

On Jan. 25, 1927, the plaintiff appeared, witnesses were sworn and judgment was rendered publicly in favor of the plaintiff and against the defendant in the sum of $61.04.

On Feb. 15, 1927, a writ of *certiorari* issued out of this court directed to the justice of the peace, requiring the return of the proceedings to this court. On Feb. 17, 1927, the justice, in obedience to the writ, filed a transcript of the proceedings in this court, and on Feb. 23, 1927, the defendant filed specifications of error. On the same date on which the exceptions were filed, the justice of the peace filed with the prothonotary an amended transcript of docket entries.

On June 6, 1927, the plaintiff presented a motion for leave to file amended transcript of docket of the justice of the peace *nunc pro tunc*, and on June 8, 1927, filed an affidavit in support of that motion. On this motion a rule to show cause was granted, returnable to the next argument list.

At a regular time set for the hearing of arguments, the motion for leave to amend and *certiorari* were argued by counsel and are now before the court for disposition. We will consider both of the matters in this opinion.

The original and amended transcripts state the claim of the plaintiff as follows: "Plaintiff claims $61.04 damages for expense replacing a water plug broken by the defendant backing against it with his car on June 23, 1926."

The defendant alleges four errors in the record of the justice:

1. The record does not show that the justice had jurisdiction of the cause of action.

2. The record does not show that the damage has been repaired.

3. The docket does not show compliance with the Act of June 14, 1923, § 30, P. L. 718, which amends section 36 of the Automobile Act of 1919.

Emlenton Water Company v. Kelly.

4. That a plea in abatement should have been sustained.

The fourth reason grounded on the plea in abatement was abandoned on the argument of the case.

The original transcript filed by the justice of the peace did not show that the action arose from the use and operation of a motor-vehicle in this county, and likewise failed to show that the plaintiff had had the damages repaired or had produced a receipted bill for the same, properly sworn to by the party making such repairs or his agent. The amended transcript filed by the justice of the peace without authority of the court heretofore granted showed the following additions to the original transcript:

"January 17, 1927, affidavits showing repairs made and cost of same. Sworn by W. L. Cosper and James H. Caldwell. Filed.

"This amended transcript is made to correct the transcript as originally filed, because that transcript was not a true and correct minute and entry of the case as brought and heard before me, in that said transcript did not show that the plaintiff had filed affidavits showing repairs and cost, when in fact the plaintiff did file such affidavits upon entering suit."

There is one fatal defect which is applicable as well to the amended transcript, even if the amendment were allowed, as to the original transcript. The plaintiff relies upon the Act of June 14, 1923, § 30, P. L. 718, to sustain the jurisdiction of the justice. This section is as follows:

"All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county wherein the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent, or said action may be brought in the Court of Common Pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where services may be had upon him under the existing laws of the Commonwealth, in like manner as process may now be served in the proper county: Provided, that no action involving more than one hundred ($100.00) dollars shall be brought before any alderman, magistrate or justice of the peace. (Act of June 14, 1923, § 30, P. L. 718.)"

The justice of the peace attached to his return of the proceedings before him the affidavits by W. L. Cosper and James H. Caldwell and a receipted bill. Nowhere at any place does either the docket or proceedings show that the action for the damages arose in the County of Venango. The docket discloses that the summons was served outside of the county, and if the proceedings are to be sustained, it must be by virtue of some specific act of assembly. In so far as the record discloses, the accident may have occurred in any county or at any place. The jurisdiction of a justice of the peace in civil matters is limited and must always be shown by the record.

"Special jurisdictions must contain on their face everything necessary to show that they are not transcended:" McGinnis v. Vernon, 67 Pa. 149, 152.

The original transcript filed was also defective, in that it did not disclose that the plaintiff had had the damages repaired and produced a receipted bill for the same, properly sworn to by the party making such repairs or his agent. It was in effect conceded by counsel for the plaintiff that without the amendment the judgment could not be sustained. Even if the amendment were allowed, neither the amended transcript or the affidavits which appear to have been actually filed show that the repairs have been made. The affi-

davits show that a new hydrant was purchased and paid for and the cost of making the repairs was paid. We might assume, if the balance of the record were sufficient, that because the repairs had been paid for, that they had been actually made. There is, however, a failure to comply with the express provisions of the statute by showing that such repairs were in fact made. This might seem to be drawing fine lines, and we do not wish to ground our opinion upon that defect alone. The affidavits are, however, to say the least, irregular and indefinite.

As we have indicated above, it is clear that the judgment cannot be sustained without the amendment, and it was practically so conceded by the counsel for the plaintiff. We will, therefore, consider the right of the plaintiff to file the amended transcript of docket entries. It has frequently been held in this State that the writ of *certiorari* is not in itself a writ of *supersedeas*. But it operates as one by implication, because it takes the record out of the custody of the inferior court and leaves nothing there upon which to proceed: Com. *v.* Kistler, 149 Pa. 345, 348; Ewing *v.* Thompson, 43 Pa. 372.

While there are some lower court decisions to the contrary, there is abundant authority of Common Pleas Courts in this State holding that a docket entry of a justice of the peace may not be amended after the proceedings have been brought into the Court of Common Pleas on *certiorari*. We believe that the better-considered view is expressed by Judge Stewart in the case of Stambaugh *v.* Baker, 10 Dist. R. 79, 80:

"There is no question but what a justice may amend his record so as to make it conform to the truth while it remains within his own control: Kearney *v.* Pennock, 12 Pa. C. C. Reps. 37. And in all cases of error, the parties must apply to the justice for relief or correction of his record: Clark *v.* McComman, 7 W. & S. 469. But where is the authority of a justice to amend it after it has been removed by a *certiorari?* None has been cited. Manifestly, none can exist. While a justice's court is not strictly a court of record, yet the justice is a judge of a court which, deriving its jurisdiction from statutory grants, proceeds in most things according to the substance contained in the forms of the common law, and his docket as to things adjudicated by him has the conclusiveness of a record: Coffman *v.* Hampton, 2 W. & S. 377. Parol evidence is inadmissible to contradict it: Clark *v.* McComman, 7 W. & S. 469. It is true that when his record comes into court on appeal, the proceedings are *de novo*, and may generally be amended or changed, but not under all circumstances. When a justice's docket should have showed, but did not, that the action was brought under a special act of assembly, which would have entitled the plaintiff to a recognizance on appeal in a particular form, the court below quashed the appeals upon the affidavit of the plaintiff showing what the justice's docket should have contained, and the Supreme Court reversed this decision and reinstated the appeals, saying: 'It was not thus that the justice's transcript could be supplemented when the effect would be to deprive the defendant of trial by jury:' D. & H. Canal Co. *v.* Loftus, 71 Pa. 418. Besides, what is the justice's petition to amend more than an offer to prove by parol that the record which he made and is now no longer before him is incorrect? This identical proposition was denied in the opinion of the Supreme Court in Coffman *v.* Hampton, *supra*."

Even where amendments have been permitted, it is only claimed that there is discretionary authority in the Common Pleas Court to allow such amendments. We are unable to see any good reason for permitting the amendment to be made in this case. The filing of the amended transcript by the justice of the peace was of no force or effect and could only be given vitality by consent of

the court. This principle was apparently recognized by counsel for the plaintiff when he made a motion asking leave to file the amended transcript *nunc pro tunc*. This, however, was done four months after the suit was instituted and long after the defendant had lost his right to appeal. We do not see anything that should move the court to allow such amendment if we had the authority. We are, however, firmly convinced that it does not lie within the power of this court to permit the transcript to be amended at this time.

Now, July, 1927, the first, second and third exceptions of the defendant are sustained, the amendment is refused, and the judgment for the plaintiff is reversed.

From George S. Criswell, Jr., Franklin, Pa.