## Commonwealth v. Shotkin et al.

*Hiram G. Bloom*, Special Deputy Attorney General, *N. M. Curcio* and *M. Herbert Syme*, for Commonwealth.

*A. Wernick*, for defendants.

SMITH, P. J., October 19, 1938.—This matter comes before us on petitions filed by the Commonwealth to show cause why a magistrate should not be permitted to amend record of summary proceedings, with answer filed thereto by defendants.

After hearings before the said magistrate in the summary proceedings, a sentence of conviction was imposed on the individual defendant, and as to defendant Dollar Cleaners & Dyers, it was sentenced to pay a fine. Defendants failed to pay said fine and five days thereafter presented to Common Pleas Court No. 3 petitions for allowance of writ of certiorari of summary convictions and, inter alia, averred that the records of the magistrate

in both proceedings were insufficient to sustain the convictions. Upon this petition an order was made on April 6, 1938, allowing the certiorari and permitting the bail already entered to stand so that the certiorari could be considered and act as a supersedeas. The writ was allowed and was served on the magistrate who returned to this court transcripts of his record and proceedings in said both cases consolidated under one writ. The Commonwealth thereupon presented two petitions to Common Pleas Court No. 3 suggesting diminution of the record of the magistrate and requested rules on the magistrate to show cause why the records should not be amended.

These petitions were filed as of April 27, 1938, returnable May 31, 1938, and were not served upon defendants until May 19, 1938. This is contrary to the provisions of Common Pleas Rule No. 69, sec. 1 (48 hours after filing).

The records of the magistrate as filed with this court fail to show the nature and character of the information filed before him. Although defendants' petition for a certiorari sets forth the defects appearing in said record, no corrections were made before the magistrate returned the transcript of the said record to this court.

The lower court cases on this question are at a variance. In several cases the amendment was permitted when the record was still in the possession of the magistrate. The most logical case seems to be that of Stambaugh v. Baker, 10 Dist. R. 79, 80, where Judge Stewart said:

"It is virtually conceded by this application to amend that the record is deficient, and it is so in point of fact, there being two classes of actions of trespass, trespass *vi et armis* and trespass on the case, and a justice having no jurisdiction of the latter: Masteller *v.* Trimbly, 6 Binn. 33; his record must affirmatively show in trespass that it was trespass of the former kind with reference to which he undertook to adjudicate: Lovell Manufacturing Co. *v.* Dougherty, 5 Pa. C. C. Reps. 399; Fitzgerald *v.*

Campbell, 10 Pa. C. C. Reps. 396; Wood *v.* Bronson, 2 District Reps. 746. The record in this case does not show with certainty what the nature of the action is. It is as consistent with an action of *assumpsit* as of trespass, and yet the record declares that it is trespass.

"The proposed amendment, if allowed, would show the cause of action to have been within the jurisdiction of the justice. This raises the question of whether or not such amendment is allowable under the circumstances.

"There is no question but what a justice may amend his record so as to make it conform to the truth while it remains within his own control: Kearney *v.* Pennock, 12 Pa. C. C. Reps. 37. And in all cases of error the parties must apply to the justice for relief or correction of his record: Clark *v.* McComman, 7 W. & S. 469. But where is the authority of a Court of Common Pleas to direct or allow the record of a justice to be amended while it remains before him, and where is the authority of a justice to amend it after it has been removed by a *certiorari?* None has been cited. Manifestly, none can exist. While a justice's court is not strictly a court of record, yet the justice is a judge of a court which, deriving its jurisdiction from statutory grants, proceeds in most things according to the substance contained in the forms of the common law, and his docket as to things adjudicated by him has the conclusiveness of a record: Coffman *v.* Hampton, 2 W. & S. 377. Parol evidence is inadmissible to contradict it: Clark v. McComman, 7 W. & S. 469. It is true that when his record comes into court on appeal, the proceedings are *de novo*, and may generally be amended or changed, but not under all circumstances. When a justice's docket should have showed, but did not, that the action was brought under a special Act of Assembly, which would have entitled the plaintiff to a recognizance on appeal in a particular form, the court below quashed the appeals upon the affidavit of the plaintiff, showing what the justice's docket should have contained, and the Supreme Court reversed this decision and reinstated the

appeals, saying: 'It was not thus that the justice's transcript could be supplemented, when the effect would be to deprive the defendant of trial by jury:' D. & H. Canal Co. *v.* Loftus, 71 Pa. 418. Besides, what is the justice's petition to amend more than an offer to prove by parol that the record which he made and is now no longer before him is incorrect? This identical proposition was denied in the opinion of the Supreme Court in Coffman *v.* Hampton, *supra.*

"The Court of Common Pleas has no right to intermeddle with the record of a justice while it remains before him, by amendment or otherwise, except to remove it by *certiorari,* or where a diminution is alleged to require him to complete it, and a justice has no right to amend it after it is removed by *certiorari.* And notwithstanding some cases have been decided which seem to indicate a contrary doctrine, they are not well considered and not binding upon this court.

"The suit here is against a constable for selling grain on an execution. Evidently, the title is in dispute, and to allow the amendment would be to deprive the defendant of his right to trial by jury, as was said in Canal Co. *v.* Loftus, *supra.* But independently of this, I deny the right to amend after the case is removed into this court on *certiorari.* The justice has already certified to the verity of the record, and he cannot now be allowed to contradict it."

The logic and reasons of this opinion were followed by Judge Parker in Emlenton Water Co. v. Kelly, 10 D. & C. 453; by Judge Orvis in Baylets v. School Board of Boggs Twp., 32 Pa. C. C. 622; and by Judge Bechtel in Mauser Mill Co. v. Reidinger, 14 Schuyl. L. R. 29.

The magistrate, having returned the record to this court, cannot add to, change or alter it by parol so as to construct a new record. The status of this record is fixed when it is returned to the common pleas court and the cases against defendants must stand or fall by it.

*Order*

And now, to wit, October 19, 1938, the rules to show cause filed by the Commonwealth in the two said petitions against defendants are dismissed.