## Boyd *versus* Miller.

52 431
130 368
52 431
151 477

52 431
24 SC 323

1. A judgment was obtained against husband and wife before a justice for the husband's debt; no appeal was taken; a transcript was entered in the Court of Common Pleas, and an execution issued: *Held*, that the Common Pleas had no jurisdiction to open the judgment.

2. The wife's only remedy against the judgment was by appeal, and for all purposes but lien, the judgment remained before the justice, where alone it is assailable.

3. One court cannot overhaul a judgment while it remains within the jurisdiction of the court that rendered it.

ERROR to the Court of Common Pleas of *Lancaster county*.

On the 19th of May 1863, Miller obtained a judgment against Boyd and wife, before a justice, for $55.63, on a promissory note signed by both, for the debt of the husband. Defendants took an appeal in due time, but it was not entered in the Common Pleas. The husband died September 2d 1864; a transcript was entered in the Common Pleas December 16th 1864, and an execution issued out of the court. On the 24th of March a rule to open the judgment was discharged, and on the 19th of August 1865, a rule to restrain the plaintiff from levying on the wife's property was discharged. Discharging the rules was assigned for error.

*D. W. Patterson* and *O. J. Dickey*, for plaintiff in error, cited Cochran *v.* Eldridge, 13 Wright 370; Steinman *v.* Ewing, 7 Id. 66; Glyde *v.* Keister, 8 Casey 88; Keiper *v.* Helfricker, 6 Wright 329; Caldwell *v.* Walters, 6 Harris 82; Ramborger *v.* Ingraham, 2 Wright 147.

*D. G. Eshelman*, for defendant in error, cited Lacock *v.* White, 7 Harris 495; Kalbach *v.* Fisher, 1 Rawle 323; Catlin *v.* Robinson, 2 Wright 379; Ramborger *v.* Ingraham, Id. 147; Hill *v.* Irwin, 8 Casey 314.

The opinion was delivered June 1st 1866.

PER CURIAM.—What is decisive against the appellant is that the Common Pleas had no power to open the judgment of the justice entered in the Common Pleas, on a transcript of the justice only, for the purposes of lien. This very point was decided in Lacock *v.* White, 7 Harris 495. Her remedy was by appeal from the justice's judgment, but though an appeal was taken it was not carried up within the statutory period, and so she lost the benefit of it. For all purposes except lien the judgment still remains before the justice, and if it be assailable for the reasons suggested, there is the place to attack it. It would violate all rules of judicial procedure, as well as common courtesy, for one

[Boyd *v.* Miller.]

court to overhaul a judgment which remains within the jurisdiction of the court that rendered it.

These observations apply as well to the rule for setting aside the execution as to that for opening the judgment. If the plaintiff is entitled to an execution upon the lien entered in the Common Pleas, the objection to the original judgment cannot impair his right, else the preposterous result might be reached of a court empowered only to enforce payment of a judgment out of the defendant's realty, reversing and vacating instead of collecting it, whilst the jurisdiction within which it remains, sustains it.

The difficulty is that the appellant slipped her time, and is now complaining in the wrong tribunal.

The decree dismissing the rule is affirmed.