## R. McKINNEY v. R. P. AND J. BROWN.

APPEAL BY JENNIE BROWN FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided November 11, 1889.
[To be reported.]

1. While the filing, for purpose of lien only, of a transcript of a judgment recovered before a justice of the peace, gives the Court of Common Pleas no jurisdiction to open or set the judgment aside, yet, if void upon its face, it may and should, upon motion by the defendant, be stricken from the records of the court as something unlawfully placed there.

2. A judgment against a married woman, rendered under the act of

Statement of Facts.

April 11, 1848, P. L. 536, must be self-supporting; that is to say, the record must show that the judgment was lawfully entered, and that all of the requisites prescribed by the statute were complied with; and if it does not do so, the judgment will be void as to her upon its face.

3. A judgment for the price of alleged necessaries, rendered by a justice of the peace in 1885, against husband and wife, in default of an appearance, is void as to the wife, if the record do not show that some testimony was heard; as in the absence of testimony, it could not legally have been adjudged that the debt was one for which she was liable under the act of 1848.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 54 October Term 1889, Sup. Ct.; court below, No. 235 December Term 1885, C. P. No. 1.

On October 5, 1885, there was filed in the court below, for purposes of lien, a transcript of a judgment rendered on July 15, 1885, by a justice of the peace, in favor of Rebecca McKinney against Robert P. Brown and Jennie Brown, his wife, and judgment was entered thereon in favor of the plaintiff. The transcript was in the following form:

|  |  |
|---|---|
| CIVIL SUIT. | Summons in Debt, not exceeding $300.00, issued 3rd day of July, 1885, to William C. McCauley, constable, returnable to July 11, 1885, between the hours of 5 P. M. and 6 P. M. |
| MRS. REBECCA MCKINNEY | |
| vs. | |
| ROBERT BROWN, AND JENNIE BROWN. | |

And now July 6, 1885, summons returned on oath: Served a true copy of original summons on Robert P. Brown, and Jennie Brown, his wife, at the same time producing the orig-. inal, and informing them of the contents thereof. So answers WM. C. McCAULEY, Constable.

July 11, 1885, 6 P. M., Wm. Smith appears for plaintiff. Debt, plaintiff's claim $174. Defendants do not appear, whereupon plaintiff demands judgment by default. Judgment reserved until July 15th. July 15, 1885, judgment is hereby given for plaintiff, and against defendants for the whole amount of claim, $174, with interest and costs, being a balance unpaid of rent of a house occupied by defendants and furnished by plaintiff, for use of defendant's family, upon the promise on the part of said Jennie Brown to pay therefor, the same being

necessary for herself and family upon credit of her separate estate.

Allegheny county:

I certify that the above is a correct transcript of the proceedings had before me in the above suit, and of my record on my docket. Witness my hand and seal at office, Wilmerding, this 17th day of August, A. D. 1885.

R. H. GRAY,
Justice of the Peace.

On September 15, 1888, on petition of Jennie Brown, the court granted a rule upon the plaintiff to show cause why the judgment should not be stricken off as to her, which rule was answered by the plaintiff, and after argument was discharged by the court, without opinion filed. Thereupon the petitioner took this appeal, specifying, inter alia, that the court erred in not striking off the judgment as to the petitioner.

*Mr. John C. Thompson* (with him *Mr. William C. Erskine*), for the appellant:

That there were gross and palpable errors in the proceedings before the justice is apparent. The alleged judgment was obtained in 1885, and consequently must be governed, as to Mrs. Brown, by the act of April 11, 1848, P. L. 536. Under § 8 of that act it was requisite, to support the judgment against her, that there be proof that the debt sued for was contracted by the wife and incurred for articles necessary for the support of the family of the husband and wife: Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber, 37 Pa. 251; Wilson v. Renshaw, 91 Pa. 224; Cummings v. Miller, 3 Gr. 146; Proctor v. Aitken, 6 Phila. 580; Carn v. Fillman, 10 W. N. 152.

*Mr. R. E. Stewart*, for the appellee, submitted no paper-book.

OPINION, MR. CHIEF JUSTICE PAXSON:

Error was assigned in this case to the refusal of the court below to strike off the judgment as to Mrs. Jennie Brown. The judgment entered was recovered before a justice of the peace against Robert P. Brown and Jennie Brown, and a transcript thereof was filed in the Common Pleas for the purpose of lien only. This does not give the Common Pleas jurisdiction

over the judgment. That court cannot open or set it aside. The Common Pleas can only acquire jurisdiction over it when it is brought into that court upon certiorari or appeal. The judgment is still in force before the justice, and any attack upon it must be made there: Dailey v. Gifford, 12 S. & R. 72; O'Donnel v. Seybert, 13 S. & R. 54; Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431.

It was urged, however, that the judgment was against a married woman, and therefore void. Undoubtedly, the court below would have been justified in striking off the judgment, if it appears upon its face to be void, notwithstanding the fact that it was entered upon a transcript; for a void judgment is no judgment. It would be a mere blur upon the records of the Common Pleas; a something which has no business there; and that court, having the control of its own records, could doubtless strike therefrom anything which had been unlawfully placed there. When we come to examine this record, we find from the transcript that it was a suit against a husband and wife for the sum of $174, "being a balance unpaid of rent of a house occupied by defendants and furnished by plaintiff for use of defendants' family, upon the promise on the part of said Jennie Brown to pay therefor, the same being necessary for herself and family, upon credit of her separate estate."

We need not stop to inquire how far such a suit could be maintained against a married woman's separate estate. This judgment was obtained in 1885, and is governed by the act of April 11, 1848, which provides that in order to bind a married woman's separate estate, "judgment shall not be rendered against the wife in such joint action, unless it shall be proved that the debt sued for in such action was contracted by the wife, and incurred for articles necessary for the support of the family of the said husband and wife." We have accordingly held, in repeated instances, that judgments entered against married women, in such cases, must be self-supporting; that is to say, the record must show that the judgment was lawfully entered, and the requisites of the statute complied with. This record is fatally defective. The judgment was taken by default for want of an appearance, and it does not show that a single witness was sworn or examined. In the absence of any testimony how could it have been made to appear to the jus-

ticè in any legal manner that " the debt sued for in such action was contracted by the wife, and incurred for articles necessary " for the support of herself and family ? In the absence of such statement in the transcript, the judgment is void as against Mrs. Brown. Under such circumstances, it was her right to have it stricken off. While it could not be enforced against her, it was nevertheless entered for the purpose of lien, and may be a cloud upon her title. Against this she is entitled to be relieved.

> The order of the court below is reversed, and the rule to show cause why the judgment should not be stricken off, as against Jennie Brown, is made absolute.