## Littster *v.* Littster, Appellant.

*Married women—Justice of the peace—Appeals—Laches.*

A married woman, who has taken no appeal from the judgment of a justice of the peace, cannot, after a delay of three years, and after a transcript has been filed in the common pleas, have the judgment opened to let her into a defence. She is barred by laches.

*Practice—Parties—Joining husband as defendant.*

Under the Married Persons Property Act of 1887, the husband of a married woman need not be made a party defendant in an action against the wife, although plaintiff's claim may have originated before the passage of the act.

*Opening judgment entered on transcript filed as a lien.*

The court of common pleas has no jurisdiction to open a judgment entered on a transcript of a judgment of a justice of the peace filed in court as a lien.

Argued Oct. 17, 1892.  Appeal, No. 22, Oct. T., 1892, by defendant, Sarah Littster, from order of C. P. Indiana Co., discharging rule to open judgment.  Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition to open judgment entered on transcript of judgment of justice of the peace.

The facts appear by the opinion of the Supreme Court.

The court below, WHITE, P. J., in an opinion discharged a rule to open the judgment, on the ground of laches and because the averment of coverture was no defence under the act of 1887.

*Error assigned* was order of court discharging rule.

*W. A. Manderson*, for appellant, cited Quick v. Miller, 103 Pa. 67 ; Musgrave v. Sartori, 9 Pitts. L. J. 355 ; Murray v. Keyes, 35 Pa. 384 ; Parke v. Kleeper, 37 Pa. 251 ; Cummings v. Miller, 3 Gr. 146 ; Swayne v. Lyon, 67 Pa. 436.

*M. C. Watson*, *Frank Keener* with him, for appellee, cited Koechling v. Henkel, 144 Pa. 220 ; Hecker v. Haak, 88 Pa. 238 ; Pearsoll v. Chapin, 44 Pa. 14 ; Franklin's Administrator's Ap., 115 Pa. 538 ; Wheeler & Wilson Co. v. Heil, 115 Pa. 491 ; Quick v. Miller, 103 Pa. 70 ; Kuklence v. Vocht, 21 W. N. 521.

OPINION BY MR. JUSTICE STERRETT, October 31, 1892 :

The summons, to appear before the justice of the peace on October 26, 1888, was served personally on the defendant, but she disregarded its mandate.  Plaintiff appeared and introduced evidence tending to support his claim, and judgment was thereupon given in his favor and against defendant for two hundred and ninety-five dollars and costs.  Defendant did not appeal therefrom ; nor did she, in any form, make application for relief for nearly three years thereafter.  About a year after rendition of the judgment a duly certified transcript thereof was entered in the court of common pleas for the purpose of lien ; and to December term, 1890, an execution was issued thereon.  In September, 1891, defendant presented her petition, setting forth that she was a married woman, etc., and

praying the court to open the judgment and let her into a defence. Thereupon a rule to show cause, etc., with stay of proceedings, was granted. In her petition for relief, defendant offered no explanation of her failure to appear before the justice, and no excuse for nearly three years' delay in seeking relief from the judgment which she now alleges was erroneously and unjustly entered against her. On the hearing, no evidence was offered in support of the rule, and it was accordingly discharged; hence this appeal.

Aside from other reasons suggested by the learned president of the common pleas in his opinion discharging the rule, the action complained of was fully justified by the unexplained and inexcusable laches of the defendant in failing to appear before the justice, and neglecting to seek relief in any form until she was spurred to activity by execution process.

The judgment of the justice is not void; nor does defendant claim that it is. She merely asks that it be opened for the purpose of letting her into a defence which she refused or neglected to interpose at the proper time and in the regular way. There is nothing on the face of the transcript to indicate that she was a married woman when suit was brought. Nor is there anything in the suggestion that her husband should have been joined with her as defendant. The form of remedy was changed by the married person's property act of 1887, Purdon, 2236, pl. 19, which declares, inter alia, that a married woman shall be capable of suing and being sued either upon such contracts as she is thereby authorized to make " or for torts done to or committed by her, in all respects as if she were a feme sole, and her husband need not be joined with her as plaintiff or defendant, or be made a party to any action, suit or legal proceeding of any kind brought by or against her in her individual right."

While plaintiff's claim may have originated before the passage of the act above quoted, his remedy in 1888, when suit was brought, was clearly under that act, and he was therefore not required to make defendant's husband a party thereto. It also follows that the defendant, having been duly served with process was as fully bound to appear before the justice and present her defence, if any she had, as if she had been a feme sole. Failing in that, she had her remedy by appeal or certiorari.

But, another and equally conclusive answer to appellant's complaint is, that the court of common pleas has no power to open a judgment, entered on a transcript of a judgment of a justice of the peace filed in court as a lien, and let the defendant into a defence, or to strike off such judgment : Lacock v. White, 19 Pa. 495 ; Boyd v. Miller, 52 Pa. 431 ; Daily v. Gifford, 12 S. & R. 72.   The reasons why the common pleas has no power to open such judgments are fully stated by Mr. Chief Justice BLACK in the case first cited, and need not be repeated here.   It is sufficient to say they are of the most conclusive character.

Order affirmed with costs to be paid by appellant and appeal dismissed.