# Doerr, Appellant, *v.* Graybill.

*Husband and wife—Judgment—Justice of the peace—Transcript.*

Where a judgment has been recovered before a justice of the peace against defendant and wife, without naming the wife, and the plaintiff thereafter files a transcript of the record of the justice in the common pleas, and no attempt is made before the justice of the peace to amend the record so as to make the wife a party by name, the court of common pleas is without jurisdiction to amend the record so as to add the name of the wife as a party. In such a case the judgment on the transcript as filed is a judgment against the husband alone.

Argued No. 9, 1903. Appeal, No. 215, Oct. T., 1902, by plaintiff, from orders of C. P. Lancaster Co., April T., 1902, No. 75, making absolute a rule to dissolve attachment and discharging rule to amend in case of Regina Doerr v. George Graybill and Wife. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to dissolve attachment.

Rule to amend.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were the orders of the court.

*B. F. Davis*, for appellant.—It should not be forgotten that personal service of the summons was made upon the appellee, which appears by the transcript of the alderman, and the omission of her name upon the transcript is not fatal, provided evidence was heard in the case, and the record shows that testimony was taken: 1 Black on Judgments, sec. 213, Shackleford v. Fountain's Heirs, 1 T. B. Monroe (Ky.), 252; Jackson v. Young, 1 Cowen (N. Y.), 131.

The amendment may be made even after execution issued: Schwartz v. Mauer, 2 W. N. C. 445.

After judgment on an award, a mistake in the name of the defendant may be amended: Marsh v. Wilkes-Barre, 1 Luzerne Legal Reg. 173.

Under the act of 1846, an amendment may be made, either in the Christian name or surname of a party in any stage of the

proceedings: Ward v. Stevenson, 15 Pa. 21; Saving Fund v. Ball & Lear, 2 Legal Record, 263.

Amendment, by substituting the correct name of defendant, may be made after verdict: Bohmann v. Pittsburg, etc., Railroad Co., 11 W. N. C. 340.

*William H. Keller*, with him *John A. Coyle*, for appellee.— Here there was a judgment entered on transcript against George Graybill and wife.   It was indexed and entered against George Graybill alone.   In fact, it could be entered and indexed in no other way.   As far as Mary Graybill was concerned there was no judgment of record against her—George Graybill was the only actual defendant.

In suing a husband and wife the courts will require at least as strict a rule as in suing a partnership and in such case for the judgment to avail the plaintiff, he must in his suit set out the names of the individual composing the firm: McConnell v. Apollo Savings Bank, 146 Pa. 79; Kountz v. National Transit Co., 197 Pa. 398.

OPINION BY SMITH, J., March 14, 1904:

On September 17, 1898, a transcript of a judgment entered July 26, 1898, by J. B. Kreckel, an alderman, certified on September 13, 1898, was filed in the common pleas, the judgment being in favor of Regina Doerr, against " George Graybill and wife."    On April 8, 1902, a paper of the following tenor, signed by the alderman, was filed in the common pleas : " Mrs. Regina Doerr v. George Graybill and Mary Graybill (his wife).   In the above suit I certify that there was judgment entered July 26, 1898, for plaintiff, in the sum of $79.64 and costs.   April 7, 1902, execution issued, and Constable Roerich makes return April 8, 1902, no goods."    On April 8, 1902, an attachment in execution, in the common pleas, was issued against " George Graybill and wife (who is Mary Graybill), Defendants, and Christian Yeager and Henry Yeager, executors of Christian Yeager, deceased, garnishees."    Mary Graybill thereupon moved to have the attachment dissolved as to her, on the ground that there was no judgment to sustain it.   While this was pending, the plaintiff moved to amend the transcript, record, and proceedings on the attachment, " so that instead of being George

Graybill and wife, which was a mistake, the judgment shall be against George Graybill and Mary Graybill, his wife ; " alleging that she was the party indebted, and had been served with the summons. The court below disposed of both motions in a single opinion, concluding as follows : " The rule to show cause why the attachment should not be dissolved is made absolute, and the rule to show cause why the caption should not be amended is discharged."

While there are thus two final orders in the proceedings, there is but one appeal, and it does not clearly appear which order was appealed from. Yet, as there is really but one question involved, we think it proper to decide this without reference to the technical status of the two motions on the appeal.

The only judgment to be found in the case is that in favor of Regina Doerr against George Graybill and wife, entered first by the alderman, and next in the common pleas on the transcript. In legal effect, this is but a judgment against George Graybill. The judgment entered by the alderman is the basis of the judgment in the common pleas. The only warrant for the latter is the transcript, and no more can legally be placed on record in the common pleas than appears on the transcript. When the transcript was filed, it contained no authority for the entry of judgment against Mary Graybill, and the judgment entered on it authorized no execution against her. The question in the case is whether the common pleas had power to enter judgment against her by way of amendment.

The act of March 20, 1810, section 10, authorized the filing in the common pleas of a transcript of a judgment of a justice, to bind the defendant's real estate, and execution thereon upon the justice's certificate that an execution had been issued by him to the proper constable and returned nulla bona. This, however, gives the common pleas no authority to open such judgment, or to review the decision of the justice on any question involved therein : Lacock v. White, 19 Pa. 495 ; Boyd v. Miller, 52 Pa. 431 ; Wilkinson v. Conrad, 10 W. N. C. 22 ; Littster v. Littster, 151 Pa. 474. It was long doubted whether there could be execution against the defendant's personal property, and to settle this point the act of June 24, 1885, provided that " such judgment shall have the force and effect of a judgment

originally obtained in the court of common pleas : " Smith v. Wehrly, 157 Pa. 407. Under these acts, the status of a judgment entered in the common pleas, on a transcript of a justice's judgment, is the same as that entered on an exemplification from another county. The act of April 16, 1840, provides that the latter, " as to liens, revivals, executions, etc., shall have the same force and effect, and no other, as if the judgment had been entered in the same court to which it may be transferred." This court, however, has no power over it except for the purpose of execution and satisfaction, and cannot inquire into its merits : King v. Nimick, 34 Pa. 297. With respect to these two classes of transferred judgments, the statutory language defining their effect is substantially the same ; and the purpose of the acts being the same, their language, having practically the same significance, should receive the same construction. The provision that such judgments shall have the force and effect of original judgments does not give the court to which they are transferred the power of review here contended for. This power is not derived from the force and effect of the judgment, but can operate only on some matter whereby the force and effect of the judgment may be defeated or qualified. This case is not within the purview of the statutes under which a misnomer may be amended after judgment. When a party is sued by a wrong name, but appears and defends on the merits, the record may be amended, either before or after judgment, by substituting his true name. In the present case, however, Mary Graybill was not sued by any name, and did not appear to the action. Hence there was nothing to authorize a judgment against her. If she could have been brought in as a defendant, at any stage of the case, it could only be done before the alderman. There is nothing on the record to show that this was ever done. The alderman's certificate of execution to the constable, filed April 8, 1902, though containing her name as a defendant, in the caption, fails to show that it was legally added by way of amendment. Its statement that judgment was entered July 26, 1898, cannot be held to imply that it was at that date entered against Mary Graybill, while, on the contrary, the transcript, certified September 13, 1898, shows that the judgment, as it then stood on the alderman's docket, was against George Graybill and

wife, without naming the latter. Whether Mary Graybill should have been made a defendant, either in the first instance or by amendment, whether she had been duly summoned, and whether the evidence warranted a judgment against her, were questions to be decided by the alderman. The common pleas has no power, on the plaintiff's motion, either to review his decision on these questions, or to determine them in the first instance.

The orders made by the court below are affirmed.