## Taylor *v.* Tudor & Free, Appellants.

*Practice, C. J.—Judgments—Transcript from justice of the peace —Rule set aside.*

A judgment entered upon a transcript from a justice of the peace cannot be set aside, if regular upon its face, nor can it be opened and the defendant let into a defense, in the court of common pleas. Any attack upon the validity of such judgment must be made before the justice.

306, (1923).]    Syllabus—Opinion of the Court.

A rule to open a judgment entered upon a transcript from a justice of the peace is properly discharged where the record shows the issue of the summons as provided by law, due and legal service of the writ on the defendant on the day the summons issued, a hearing on the date and hour fixed in the summons, the appearance of a witness and the claim made upon a promissory note offered in evidence; and judgment publicly entered on the same day against the defendant.

Argued April 26, 1923. Appeal, No. 112, April T., 1923, by Samuel Y. Free, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 2014, discharging rule to strike off judgment in the case of K. M. Taylor v. Frank H. Tudor and Samuel Y. Free, doing business as Frank H. Tudor & Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to strike off transcript of a judgment entered before an alderman. Before McFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant, Samuel Y. Free, appealed.

*Error assigned* was the decree of the court.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.

*Ralph L. Smith,* for appellee.

OPINION BY KELLER, J., July 12, 1923:

It has been the law in this State for many years that a judgment entered upon a transcript from a justice of the peace cannot be set aside, if regular upon its face, or opened and defendant let into a defense, in the court of common pleas: Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Clark v. M'Comman, 7 W. & S. 469; nor can the transcript be amended in the common pleas: Doerr v. Graybill, 24 Pa. Superior Ct. 321. Any attack

upon the validity of such judgment must be made before the justice. The same rule prevails as to judgments of the common pleas certified from another county: Wilkinson v. Conrad, 10 W. N. C. 22, 23.

It was suggested in Lacock v. White, supra, p. 498, that if, as here, the defendant claimed not to have been served with the writ of summons issued by the justice, he had a remedy by certiorari, which directly attacked the validity of the judgment and removed the proceedings for review to an appellate jurisdiction; this being in conformity with the rule laid down therein by Chief Justice BLACK (p. 497), "It may safely be laid down as the rule on this subject, that a judgment rendered by one tribunal cannot be set aside and the cause heard again by another, though a superior one, except in the strict exercise of appellate jurisdiction." But even this suggestion has been negatived by our Supreme Court in Holly v. Travis, 267 Pa. 136, which holds that the regularity of the justice's record cannot be attacked by evidence dehors, even on certiorari; much less on a motion to strike off.

We have examined the record of the justice as contained in the transcript filed in the court of common pleas and agree with the learned judge of the court below that, on its face, it is regular and free of defects. It purports to have been certified when the justice issuing it was in office, differing from Koons v. Headley, 49 Pa. 168, and Regle v. Nugent, 2 Parsons 297, where the defect appeared in the transcript; and furthermore, in those cases the question was raised on appeal or certiorari. It showed the issue of the summons, returnable as provided by law, due and legal service of the writ on the defendant on the day the summons issued, a hearing on the date and hour fixed in the summons, that a witness, W. E. Anderson, was sworn for plaintiff, and claim made upon a promissory note, fully described and offered in evidence; and judgment publicly entered the same day against the defendant for $159.37 and costs. It was not

necessary that the relation of the witness to the plaintiff should be stated; or that the substance of his evidence should be entered on the docket, as in cases of summary conviction: Ott v. Jordan, 116 Pa. 218.

The defendant's rights are protected by the legal requirement that before execution can issue upon the judgment thus obtained in the court of common pleas, he must be warned by scire facias and given an opportunity to show payment or other legal cause, if any, why execution should not issue: Smith v. Wehrly, 157 Pa. 407; Diamond v. Tobias, 12 Pa. 312.

The assignments of error are overruled and the order of the court below is affirmed at the costs of the appellant.