## Dermody v. McGee.

*Jurisdiction, C. P.—Opening judgment on transcript.*

1. The Court of Common Pleas is without jurisdiction to open a judgment entered on a magistrate's transcript; the only remedy for a retrial on the merits is by appeal.

2. A judgment entered by a magistrate without service of process upon the defendant may be set aside on *certiorari*, although more than twenty days have expired from the date of the judgment.

3. On *certiorari*, the constable's return may be contradicted.

Rule to open judgment. C. P. No. 1, Phila. Co., Dec. T., 1924, No. 11769.

*A. S. Buckman,* for plaintiff; *Green & Quinn,* for defendant.

TAULANE, J., June 5, 1925.—This is a rule to open judgment entered on a magistrate's transcript. It comes before the court on petition and answer.

The proceedings before the magistrate as they appear by the transcript are in all respects regular, and the defendant has not suggested any informality.

The petition to open the judgment alleges that the constable's return, though legal in form, is false in fact, in that the summons was not served at the defendant's residence, that the defendant had no notice of the proceedings, and that he has a just defence to the plaintiff's claim.

The defendant overlooks that the filing of a magistrate's transcript in the Court of Common Pleas is not a removal of the proceedings before the magistrate into the Court of Common Pleas, but merely the entry of the magistrate's judgment for the purpose of securing a lien on the defendant's real estate

and the issuing of execution: Lacock v. White, 19 Pa. 495, and Boyd v. Miller, 52 Pa. 431.

Because a judgment entered on a magistrate's transcript is not a judgment of the Court of Common Pleas, we are without jurisdiction to open such a judgment: Littster v. Littster, 151 Pa. 474; Campbell v. Penn District, 10 Legal Intell. 48; and Lacock v. White, 19 Pa. 495.

The only remedy for a retrial on the merits is by appeal.

The defendant contends that he was deprived of all opportunity to appeal because he never heard of the proceedings until more than twenty days after the entry of the judgment by the magistrate, as no process was ever served on him, and that the constable's return to the contrary is false.

If it be true that judgment was entered without the service of process on the defendant in the manner prescribed by law, the judgment could be set aside on certiorari: Crosscups v. Bissell, 4 W. N. C. 560; Fidelity Casualty Co. v. Ketrick, 3 Kulp, 225; and Lacock v. White, 19 Pa. 495, 498.

And on certiorari the constable's return may be contradicted: Fidelity Casualty Co. v. Ketrick, 3 Kulp, 225, and Leightold v. Bulford, 11 Dist. R. 232, 233.

Though a certiorari must be issued within twenty days from the entry of the judgment, yet, if the magistrate had no jurisdiction over the person of the defendant—and in this case he had no jurisdiction if no process was served— the defendant is not limited to twenty days to issue a certiorari: Lacock v. White, 19 Pa. 495, 498; Leightold v. Bulford, 11 Dist. R. 232, 233; and Brenner v. Meltzer, 14 Dist. R. 461.

We do not deem it necessary to decide at this time whether the defendant has been guilty of laches in delaying so long the suing out of a writ of certiorari: 10 Pepper & Lewis's Digest, 17584.

The magistrate's judgment was entered on Nov. 28, 1924, and the plaintiff's answer to the petition to open states that the defendant had notice of the judgment as early as Dec. 15, 1924; if this be true, the certiorari should have been issued within twenty days.

As we have no authority to open the judgment entered on the transcript, the defendant's rule must be discharged.

And now, to wit, June 5, 1925, the defendant's rule to open judgment is discharged.