## McCloskey v. Sykes.

*S. D. Gettig* (with him *John J. Bower*), for petition.

*J. M. Keichline, J. K. Johnston* and *Philip H. Johnston*, contra.

FLEMING, P. J., April 16, 1930.—The plaintiff brought an action in *assumpsit* before John M. Keichline, a justice of the peace, on Aug. 27, 1928, and the justice on that day issued a summons to Robert McCloskey, a constable of this county, returnable Sept. 3, 1928, at 11 o'clock A. M.

The constable made a return that he had served such summons "upon Fred Rogers, contractor and agent for Frank Sykes, the within named defendant, by handing a true and attested copy to the defendant, Fred Rogers, contractor and agent for Frank Sykes, to him personally."

On Sept. 3, 1928, both Fred Rogers and Frank Sykes appeared before the justice and, after hearing, the justice gave public notice that a decision would be rendered on Sept. 8, 1928, at 11 o'clock A. M.

On Sept. 8, 1928, at 11 o'clock A. M., pursuant to notice previously given, the justice publicly entered judgment in favor of plaintiff and against the defendant in the sum of $279 and costs of suit.

On Sept. 21, 1928, an execution was issued to James H. Rine, a constable of this county, which execution was returned "no goods."

On Oct. 29, 1928, the transcript of the justice was filed in this court and *testatum fi. fa.* forthwith issued to the Sheriff of Clinton County, whereupon Frank Sykes, on Jan. 21, 1929, presented his petition to this court for a rule upon plaintiff to show cause why execution should not be stayed, the judgment opened and the defendant let into a defense. Such rule issued, returnable Feb. 18, 1929. On the return of the rule, defendant's attorney appeared in open court and stated to the court that it was the defendant's desire to abandon his petition, whereupon the rule was forthwith discharged.

On July 8, 1929, a further petition was presented on the part of the defendant, praying for a reinstatement of the rule to open judgment. This is the matter before us at this time.

This question is clearly decided in Taylor *v.* Tudor & Free, 81 Pa. Superior Ct. 306, wherein it is held that "it has been the law in this state for many years that a judgment entered upon a transcript from a justice of the peace cannot be set aside, if regular upon its face, or opened and defendant let into a defense, in the Court of Common Pleas: Lacock *v.* White, 19 Pa. 495; Boyd *v.* Miller, 52 Pa. 431; Clark *v.* M'Comman, 7 W. & S. 469."

An examination of the record of the justice shows but one point wherein the regularity of the proceeding might be questioned. This is in the manner of service of the summons upon Frank Sykes. This irregularity, however, was cured by the appearance of Mr. Sykes at the hearing, which appearance he does not deny. A summons was issued, returnable as provided by law, irregular service waived by the appearance of Mr. Sykes on the day and hour named in such summons, a hearing at the day and hour named therein, due taking of testimony to support plaintiff's claim and a judgment publicly rendered, after adjournment and proper notice, for $279 and costs.

In Holly *v.* Travis, 267 Pa. 136, it is held that the regularity of a justice's record cannot be attacked by evidence *dehors* the record, even on *certiorari;* what right, then, could exist to open the judgment in the instant case?

We do not think the Court of Common Pleas of Centre County has any authority or jurisdiction to grant the prayer of the petitioner to open judgment obtained before the justice of the peace in this case.

And now, April 16, 1930, the rule heretofore granted requiring plaintiff to show cause why the said judgment should not be opened is discharged, at the cost of the petitioner.