## Clauser v. Matz

*Prall B. Roads*, for plaintiff.
*Raymond L. Brennan*, for defendant.

CURRAN, J., April 23, 1945.—An action was brought before a justice of the peace on an oral contract, and judgment in the amount of $45 granted by the justice of the peace against John Matz in favor of plaintiff, E. Francis Clauser. An appeal was filed in the court of common pleas, and the transcript shows the judgment against John Matz.

Thereafter, plaintiff filed a plaintiff's statement of claim to July term, 1936, no. 266, and named defendants in the statement as "Mr. and Mrs. John Matz". Plaintiff's statement was served by the sheriff on both defendants personally.

After the time of the service of plaintiff's statement, which was approximately 6½ years from the time of

the filing of the appeal, May 1936 to January 1943, the present attorney, Raymond L. Brennan, Esq., who was an attorney other than the one who filed the original appeal, filed a præcipe directing the prothonotary to enter an appearance de bene esse for both defendants.

Now a motion to strike off the statement of claim has been filed. Four reasons are set forth, one of which, the fourth, is meritorious as to defendant, Mrs. John Matz. From the transcript it would appear that the original action before the justice of the peace was against John Matz only.

An appeal was filed on behalf of John Matz, by his attorney. Thus, a general appearance was entered for John Matz at the time of the filing of the appeal. A proceeding on appeal cannot be enlarged upon by the addition of a new party to the record. The service of plaintiff's statement upon the defendant, Mrs. John Matz, gives the court no jurisdiction, and a judgment, even if obtained, would be void. The same does not hold true as to the defendant, John Matz. He is properly before the court and regularly served with the plaintiff's statement and is obliged to file an affidavit of defense: Doerr v. Graybill, 24 Pa. Superior Ct. 321.

We are directing that the plaintiff's statement be stricken off as to the defendant, Mrs. John Matz.

And now, to wit, April 23, 1945, the plaintiff's statement of claim is stricken off as to the defendant, Mrs. John Matz. The defendant, John Matz, is directed to file an affidavit of defense within 15 days.

Dalton, J. did not participate in this opinion.