## Mammone et al. v. Pengitore et ux.

*T. A. Tenor*, for plaintiffs.

*Joseph A. Tritschler*, for defendants.

SOHN, J., February 7, 1947.—Plaintiffs in this case, Mammone and Timpano, brought an action before S. M. Clark, an alderman of the City of Beaver Falls, against Ralph Pengitore and Grace Pengitore, husband and wife, defendants. A summons in assumpsit issued June 3, 1941. The summons was returned June 4, 1941, showing service in Beaver Falls "by handing a true and attested copy thereof to Ralph Pengitore personally."

A transcript of this judgment was entered October 10, 1941, in the office of the prothonotary of the court of common pleas. The transcript shows that on June 10, 1941, the time fixed for hearing, one of plaintiffs appeared and defendants did not appear. Judgment was thereupon entered in favor of plaintiffs, and against defendants, Ralph Pengitore and Grace Pengitore. A præcipe for a writ of scire facias sur judgment to revive and continue the lien of the judgment issued July 8, 1946.

On August 28, 1946, Grace Pengitore filed a petition setting forth that she had no knowledge of any suit or that judgment had been entered against her until the writ of scire facias was served upon her. She avers that the transcript shows service on Ralph Pengitore only. A rule issued to show cause why the judgment should not be stricken from the record.

In the answer plaintiffs aver petitioner, Grace Pengitore, resided with her husband when the summons was served and she had, or should have had full knowledge that a judgment had been entered against her. Plaintiffs aver the caption of the case shows defendants to be Ralph Pengitore and Grace Pengitore, and that the record shows a debt and the entry of judgment against Grace Pengitore. Plaintiffs contend the record of service is not conclusive and defendant, Grace Pengitore, cannot raise the question as to service of process by petition to strike off the judgment because the record would not be complete without the summons itself; that the proper procedure to raise the question of service of process would be by certiorari and the judgment rendered by the alderman and filed in the court of common pleas is not void but voidable and therefore cannot be stricken from the record.

An examination of the transcript and the averments in the petition and answer establish the fact that Grace Pengitore, one of defendants, was not served in the manner required by law. We conclude that the judgment entered in this case against Grace Pengitore must be stricken from the record.

Plaintiffs contend that at the time judgment was entered by the justice of the peace, petitioner, Grace Pengitore, resided with her husband in a common domicile and that she had, or should have had full knowledge that a judgment had been entered against her. There is nothing in the record to show that Grace Pengitore, one of defendants, had actual notice of the issuance of the summons or the entry of the judgment. It is averred in the petition, and not denied in the answer that she had no notice. The service on her husband is insufficient to establish proof of any service, in compliance with the statute, upon her.

In Glessner v. Stahl et ux., 3 D. & C. 597, an action was instituted before a justice of the peace against

Harvey Stahl and Ariminta Stahl. The docket of the justice of the peace showed service of the summons ". . . upon the within named defendant, Harvey Stahl and Ariminta Stahl by handing a true certified and attested copy of the original summons to Ariminta Stahl at her home in Meyersdale, Pa., and making known to her the contents thereof," . . . Exception was taken to the service alleging the judgment void as to Harvey Stahl for want of jurisdiction of the person, alleging no service upon him. President Judge Berkey said in part (p. 598) :

" 'There is a like uniformity of decision in cases where, by reason of the subject-matter, there is a fundamental lack of jurisdiction. In such cases, no lapse of time will conclude the party, regardless of either personal service or notice. The basis of distinction is clear. In the latter class there is a total absence of judicial competency in the alderman; in the other, a failure on his part to observe the forms of law, but no lack of competency.'

"As early as Lacock v. White, 19 Pa. 495, 498, in 1852, in an opinion by Chief Justice Black, it was held: 'The twenty days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject-matter, and there is no jurisdiction of the former when they are not legally summoned.'

"We conclude, therefore, that the plaintiffs in error were entitled to the *certiorari* with all its force and legal effect; and as service was made upon but one of the plaintiffs in error, the judgment as to the other is bad : Murdy v. McCutcheon et ux., 95 Pa. 435."

In Sipe v. Balis, 14 D. & C. 779, there was no return showing service of the summons upon defendant, nor any knowledge on the part of defendant that the judgment had been entered against him until an execution was issued and a levy made thereon.

No return of service was endorsed on the summons showing the time, place, or manner of service. The court held (p. 780):

"Generally speaking, service must be made upon, by and in the manner prescribed by the Act of July 9, 1901, P. L. 614, which provides that 'writs issued by any . . . justice of the peace . . . shall be served in the county where they are issued by the constable or other officer therein to whom given for service, in the same manner and like effect as similar writs are served by the sheriff when directed to him by the proper court.' Said act prescribes the manner of service as follows: 'The writ and summons . . . may be served by the sheriff of the county wherein it is issued upon an individual . . . in any one of the following methods: (a) by handing a true and attested copy thereof to him personally.' The method of service prescribed by the Act of 1901 is exclusive, and the return must show definitely that service was made in the manner prescribed; otherwise, the justice acquires no jurisdiction. The record should disclose a return of service made by a constable on the summons, and such summons must be in compliance with the act. The record must show on its face everything necessary to sustain the judgment: Carter v. Shindel, 7 Dist. R. 308. And since it is only by service that jurisdiction of the person can be had, proper service must be shown on the face of the record or the judgment rendered thereon will be declared void. Where the record shows neither service of summons on the defendant nor appearance by him to the action, a judgment rendered in the case will be reversed."

Unless the record shows compliance with the statute as to service, the justice has no jurisdiction and the judgment is void.

Plaintiffs contend that the caption in the case shows the suit was against both Ralph Pengitore and

Grace Pengitore, and the record itself shows that both Ralph Pengitore and Grace Pengitore were defendants in the action. There is no merit in this proposal advanced by plaintiffs. Naming the parties without service upon both of them cannot result in a judgment binding upon a party not served.

Plaintiffs state that the record discloses petitioner was a party to the suit and judgment was entered against her. The answer to this contention is that it is necessary to secure jurisdiction of defendant by service upon her. Defendant also contends that the summons is not in the record and therefore the record is incomplete. The transcript shows the record of service by the constable upon Ralph Pengitore, one of defendants, but makes no mention of Grace Pengitore, the other defendant. Therefore, upon the record it is apparent that Grace Pengitore was not served.

In McKinney v. Brown, 130 Pa. 365, an appeal was taken from the refusal of the court to strike off a judgment as to Mrs. Jennie Brown. The judgment was recovered before a justice of the peace against Robert P. Brown and Jennie Brown, and a transcript filed in the common pleas court for the purpose of lien only. The judgment was stricken off as to Mrs. Jennie Brown because she was a married woman and the record did not show the judgment lawfully entered under the requisites of a statute requiring proof that the debt was contracted by the wife and incurred for articles necessary for the support of the family. The court held the record fatally defective in the absence of testimony that the debt sued for was incurred for articles necessary for the support of herself and family. In the absence of such statement in the transcript, the judgment was void as against Mrs. Brown, and it was her right to have it stricken off. While it could not be enforced against her, it was nevertheless entered for the purpose of a

lien and was a cloud upon her title against which she was entitled to be relieved.

Petitioners in this case contend the proper remedy for defendants is certiorari and defendants cannot move to strike off the judgment because the judgment is voidable and not void. ". . . if a judgment is entered in the Common Pleas Court, on a justice's transcript void on its face for want of jurisdiction, it will be stricken off on motion, and the court has no authority to permit the transcript to be amended, . . .": 5 Standard Pa. Practice, 567, §793.

In Doerr v. Graybill, 24 Pa. Superior Ct. 321, judgment was entered against George Graybill and wife by an alderman and then in the common pleas on the transcript. In this case the court said (p. 323) :

"In legal effect, this is but a judgment against George Graybill. The judgment entered by the alderman is the basis of the judgment in the common pleas. The only warrant for the latter is the transcript, and no more can legally be placed on record in the common pleas than appears on the transcript. When the transcript was filed, it contained no authority for the entry of judgment against Mary Graybill, and the judgment entered on it authorized no execution against her."

There are many decisions of the appellate courts holding that a judgment void for want of jurisdiction may be stricken from the record at any time. In Pantall et al. v. Dickey, 123 Pa. 431, the Supreme Court held (p. 438) :

"Of course, the judgment could have been and would have been reversed upon certiorari. But the judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the objection on that ground is brought to the attention of a supervising court. Being void, it has no efficacy at any time. The defendant can afford

to disregard it until an effort is made to enforce it. In this case a transcript was entered in the Common Pleas and a writ of execution issued. Then the defendants moved to strike off the judgment, and one of the reasons assigned was the want of jurisdiction in the alderman. It was a valid reason, the facts appeared upon the record, and they were fatal to the judgment. We have frequently held that a judgment which is void upon its face may be stricken off on motion: Allen v. Krips, 119 Pa. 1, and cases there cited."

In Romberger, to use, v. Romberger et al., 290 Pa. 454, it is said:

"Moreover, as a void judgment, it could be stricken off at any time: Pantall v. Dickey, 123 Pa. 431; Clarion, etc. R. Co. v. Hamilton, 127 Pa. 1; 23 Cyc. 948; and see Bryn Mawr Bank v. James, 152 Pa. 364. Under similar circumstances, the Superior Court has repeatedly stricken off judgments; Pasco Rural L. Co. v. Roland, et al., 88 Pa. Superior Ct. 245; H. S. Blatt Co. v. McCarthy, 54 Pa. Superior Ct. 463; Eddy v. Smiley, 26 Pa. Superior Ct. 318; and see Agricultural T. Co. v. Brubaker & S., 73 Pa. Superior Ct. 468; Myers & Joly v. Freiling, 81 Pa. Superior Ct. 116. Furthermore, the liability of the defendants was several and not joint, one being liable as maker, and the other as endorser. A suit could not be maintained jointly against them on the note: Fawcett v. Fell, 77 Pa. 308.

"No laches can run against a void judgment, which is a mere blur on the record and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it."

Doerr v. Graybill, supra, and Romberger, to use, v. Romberger et al., supra, are referred to and affirmed by Mr. Justice Stern in Galli's Estate, 340 Pa. 561. The judgment in this case entered against Grace

Pengitore is void, because the record shows no jurisdiction as to her. The judgment must therefore be stricken from the record.

### Order

And now, to wit, February 7, 1947, for the reasons stated in the within opinion, the judgment of Mammone and Timpano against Grace Pengitore, at 139, December term, 1941, D. S. B., is stricken from the record, and all proceedings on the writ of scire facias sur judgment at 99, September term, 1946, as to defendant, Grace Pengitore, are rendered null and void and of no effect.