## Isaacson v. Parrish et ux.

Before McCann, P. J., and McKenrick and Griffith, JJ.

*Clarence E. Davis*, for plaintiff.

*Glass & Glass*, for defendants.

Griffith, J., December 26, 1951.—On February 6, 1951, plaintiff commenced an action in assumpsit against defendants before Elizabeth C. Rowland, a justice of the peace. The constable's return is as follows:

"Served on the defendant by handing a true and attested copy of original summons to Floretta Parrish, personally (one of the defendants) February 6th, 1951, at 2:30 P. M."

The transcript also shows the following: "February 14th, 1951, hearing continued."

Obviously, the service was improper. Defendant, Thomas L. Parrish, was not served at all, and the place at which Floretta Parrish was served is not shown on the return, in accordance with the requirements of the Act of July 10, 1935, P. L. 643, 12 PS §355, which provides that the officer "shall in all cases state in his return, the time, both the day and the hour, the place, and manner in which the service thereof was made, which statement shall include the name of the individual on whom the service was made, if other than the defendant personally, and the relationship which such person bears to the defendant."

The hearing was fixed for February 14, 1951, but sometime before that date defendant, Floretta Parrish, suffered an accident, and it was agreed between plaintiff's and defendants' attorneys that after she was able to attend the hearing a new time would be set for such hearing by agreement of counsel. Plaintiff contends that on March 18, 1951, plaintiff's and defendants' counsel agreed that the time for the adjourned hearing should be between 10 and 11 a.m. on March 23, 1951. This is denied by defendants, who aver that they had no notice whatever of the time and place of the continued hearing. However, the transcript shows that on March 23, 1951, plaintiff appeared and defendants did not appear, that plaintiff was sworn and testified, and that judgment in the sum of $262.40 was rendered in his favor against defendants. On April 27, 1951, plaintiff obtained a transcript of the judgment and filed the same in the office of the Prothonotary of Cambria County and issued an execution thereon. Whereupon, defendants petitioned the court for a rule to show cause why the judgment should not be stricken off, "or failing in this, why said judgment should not be opened."

Plaintiff, admitting that the transcript of the magistrate is defective, in that it does not show proper

service upon defendants, nevertheless contends that defendants have submitted themselves to the jurisdiction of the court by their conduct, first, by an oral agreement to continue the hearing before the magistrate, and second, by filing a petition for a rule to show cause why the judgment should not be opened.

In support of his first contention plaintiff cites the case of Riker v. Kilinski, 309 Pa. 188, where the writ of summons was properly served upon defendant but the sheriff's return was not filed until after the return day, and in the meantime counsel for both parties, *by a written stipulation*, extended the time limit for filing defendant's affidavit of defense. Thereupon, defendant petitioned the court for a rule to show cause why the sheriff's return should not be stricken off. The court held that the agreement of counsel *in writing* extending the time for filing an affidavit of defense had the effect of a general appearance on the part of defendant and waived any defect in service and return. In the Ricker case, however, the stipulation was not only in writing but was filed in the office of the prothonotary of the court which rendered the judgment, thereby making a record, the examination of which would disclose the jurisdiction of the court over the parties. We do not believe that an oral agreement between counsel that when defendant was able to attend a hearing a new time would be fixed had the effect of a general appearance on the part of defendants. There is nothing in the transcript of the magistrate concerning such oral agreement, and consequently an examination of her transcript fails to show her jurisdiction over the parties. It will be noted that the transcript shows that on February 14, 1951, the hearing was continued, sine die.

Plaintiff further contends that defendants waived all irregularities of service by filing a petition for rule to show cause why the judgment should not be stricken

off or, failing in this, why the judgment should not be opened. Plaintiff cites a number of cases holding that where defendant takes any step in the action other than to attack a judgment for want of jurisdiction, the taking of such action has the effect of a general appearance and constitutes a waiver of all defects which would have been waived by the filing of a general appearance. There is no doubt but what this is the general rule. However, the court of common pleas has no power to open a judgment entered on the transcript of a judgment of a magistrate: Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Taylor v. Tudor & Free, 81 Pa. Superior Ct. 306; McCloskey v. Sykes, 14 D. & C. 437. In Taylor v. Tudor & Free, supra, the court said:

"It has been the law in this state for many years that a judgment entered upon a transcript from a justice of the peace cannot be set aside, if regular upon its face, or opened and defendant let into a defense, in the court of common pleas: . . . Nor can the transcript be amended in the common pleas: . . . Any attack upon the validity of such judgment must be made before the justice."

The judgment obtained before the magistrate is merely transferred to the common pleas for the purpose of lien and execution, but it never becomes the judgment of the common pleas; it still remains the judgment of the magistrate.

In the prayer of defendants' petition for rule they asked that the judgment be stricken from the record or, failing in this, that the judgment be opened, and, accordingly, the court signed an order awarding a rule to this effect. Since the court had no power to grant a rule to open the judgment entered upon the transcript of the magistrate the latter portion of the decree was void and of no effect, and defendants cannot be deemed

to have submitted themselves to the jurisdiction of the court by asking the court to do a vain thing.

The judgment entered upon the transcript of the magistrate being void upon its face, and defendants not having submitted themselves to the jurisdiction of the court, the judgment must be stricken from the record. In Romberger, to use, v. Romberger et al., 290 Pa. 454, 457, the court said:

"No laches can run against a void judgment, which is a mere blur on the record and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it."

Our attention has also been called to the magistrate's record, which shows that the hearing was scheduled on February 14, 1951, and was continued at that time without day. The next notation is that on March 23, 1951, the hearing was held and defendants did not appear.

In Martin v. Espenshade, 6 Lanc. 393, the record showed a continuance without showing an appearance or consent of the parties. Subsequently, the magistrate entered a judgment by default and this was reversed on certiorari.

In Boss v. Boyaird, 9 Just. 257, the court said that when a case is continued it is the duty of the justice to notify defendant in writing of the time of the further hearing and, failing to do so, he loses jurisdiction and all subsequent proceedings are coram non judice.

In Hunt et al. v. Laufer, 6 Pa. C. C. 337, the transcript of the justice on certiorari showed that the case had been adjourned without day but that a witness for plaintiff had personally notified defendant of the day of the continuance. The court held that this notice was not sufficient and that it was the duty of the justice himself to give defendant either written or verbal notice. The court said:

"This is not sufficient notice. The notice should be given by the justice. It may be either written or verbal, but it should come from the magistrate who is to hear and determine the cause."

In Leslie v. Innes, 15 Pa. C. C. 178, 3 Dist. R. 689, the magistrate reserved his decision without fixing or announcing the time at which the judgment would be entered, and without giving notice to defendant. In . that case the court said:

" 'Where a case is adjourned without day the justice cannot subsequently enter judgment without proof of notice to the parties': Brown v. Hambright, 21 Pitts. L. J. 105. . . . 'Where a case pending before a justice is adjourned without day the justice has no authority to proceed further with it, and to hear or pass judgment on it without having notice served on the defendant, and proof of service before him:' Brown v. Hambright. *This must also appear of record.* It is advisable also for the justice to set forth how the defendant was notified so the court may decide whether the notice was sufficient'." (Italics supplied.)

It therefore appears that the record is also defective insofar as it fails to disclose that notice of a continued hearing was ever given to defendants. The fact that plaintiff's counsel contends that he notified defendants' counsel of the date for the continued hearing, and that defendants' counsel agreed to such date will not cure the defect in the record.

We, therefore, enter the following

### Decree

And now, December 26, 1951, at 11:15 a.m., after argument and upon due consideration, defendants' rule to show cause why the above-mentioned judgment should not be stricken from the record is made absolute, and the prothonotary is directed to strike such judg-

ment from the record, and defendants' rule to show cause why this judgment should not be opened and defendants let into a defense is discharged.