## Grahamer v. Fadden

*Edward M. Murphy,* for plaintiff.
*Irving L. Epstein,* for defendant.

HOBAN, P. J., November 13, 1953. — George Grahamer, of Scranton, sued Barbara Madden, of Scranton, on a cause of action evidently trespass vi et armis. For reasons which do not appear plaintiff brought his action before William C. Rippon, justice of the peace in Jermyn, this county. Defendant was duly served by a constable operating from the bailiwick of Justice Rippon. Defendant appeared, a hearing was held, and judgment given for plaintiff. No certiorari was asked nor appeal filed. Thereupon plaintiff paid the costs and filed a transcript of Justice Rippon's judgment in the office of the prothonotary as a lien. In the transcript appears a charge by the constable for 75 cents for serving the summons and for $2.50 mileage as part of his cost for such service.

We have on previous occasions held such service void as an attempt to impose extortionate service costs in violation of the Act of April 27, 1911, P. L. 86, 42 PS §421. See Bell v. Blum Brothers, 36 Lack. Jur. 112; Whinney v. Hamilton, 27 D. & C. 516. If the service is void, a judgment founded on it is void. If the judgment is void, it is a nullity, and if it appears in our court and the transcript shows on its face that it is void, it will be stricken off on motion. See McKinney v. Brown,

130 Pa. 365; Pecuch v. Dougherty, 60 D. & C. 663. Neither Lacock v. White, 19 Pa. 495, nor Littster v. Littster, 151 Pa. 474, are authorities to the contrary, for in those cases the applications were to courts of common pleas to open judgments of justices transferred by transcript, a power which the courts of common pleas do not have.

Plaintiff makes the point that the appearance of defendant at the hearing cures any defect or irregularity in the service. True, it may make that complete which was incomplete, but it cannot make that exist which had no existence, nor turn void into voidable. The Act of 1911, supra, was deliberately designed to afford a remedy against extortionate practices in small claims procedure. We do not propose to deny that relief to victimized laymen who, while they are presumed to know the law, are not presumed to know the technicalities of procedural regulations.

Now, November 13, 1953, the rule to show cause why the judgment entered to the above number and term should not be stricken from the record is made absolute.