## Bitting v. Walsh

*Myron Moskowitz*, for plaintiff.

*Andrew Pipa, Jr.*, for defendant.

TROUTMAN, J., March 4, 1957.—On August 31, 1955, plaintiff caused to be entered and filed in the Court of Common Pleas of Northumberland County to no. 753, September term, 1955, a transcript of a judgment of a justice of the peace in the sum of $137.69 together with accrued costs of $12. On January 23, 1956, defendant presented his petition to this court praying for a rule on plaintiff to show cause why the judgment should not be stricken off. A rule was granted thereon and an answer filed by plaintiff. The rule to show cause is in the nature of a motion to strike off the judgment and we shall so treat the same.

Defendant, in support of his motion to strike off the judgment, contends that the transcript is not sufficient in law to authorize the prothonotary to enter a judgment because the transcript does not state the nature of the action or reveal how the justice of the peace had jurisdiction of the matter and that the transcript is not sufficient in law to authorize the prothonotary to enter the judgment for the reason that the said transcript reveals that judgment was entered 20 days after hearing which is contrary to the Act of March 22, 1877, P. L. 13, sec. 1, 42 PS §670, and does not state when defendant was notified of the rendering of said judgment.

It has been the law in this Commonwealth for many years that a judgment entered upon a transcript from a justice of the peace cannot be set aside, if regular upon its face, or opened and defendant let into a defense, in the court of common pleas (Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Clark v. McComman, 7 W. & S. 469), nor can a transcript be amended in the

common pleas: Doerr v. Graybill, 24 Pa. Superior Ct. 321. The regularity of the justice's record cannot be attacked by evidence dehors the record, even on certiorari, much less on a motion to strike off: Taylor v. Tudor & Free, 81 Pa. Superior Ct. 306. Consequently, in passing upon the reasons assigned by defendant in support of his motion to strike off the judgment, we are entirely confined to matters appearing upon the face of the transcript of the justice of the peace.

Where the transcript of the judgment of a justice of the peace shows on its face a want of jurisdiction of the justice to render judgment, a judgment entered in the common pleas court on such transcript is void, being merely a blur on the record, and it is the duty of the court, even on its own motion, to strike such judgment off, whenever its attention is called to it: Isaacson v. Parrish, 81 D. & C. 591, 596. See also Vichosky v. Boucher, 162 Pa. Superior Ct. 598.

The transcript of the justice of the peace states that on April 25, 1954, plaintiff, Frank Bitting, appears in person and being duly sworn according to law, offers in evidence a bill for damages in the sum of $137.27, which was the amount of damages done to his automobile by the car owned and operated by defendant, George Walsh. It also shows that defendant appeared and was sworn. We are of the opinion that the transcript sufficiently states the nature of the action and reveals that the justice of the peace had jurisdiction of the parties and the subject matter. This language is sufficient to conclude that it was an action in trespass vi et armis arising from an automobile accident. It likewise shows that the amount involved was within the amount provided by law to give justices of the peace jurisdiction in such cases. See Battles v. Nesbit, 149 Pa. Superior Ct. 113.

The second reason assigned by defendant in support of his motion to strike off the judgment presents a

more difficult problem. The transcript of the justice of the peace, after stating that on April 25, 1954, the parties appeared before him and were duly sworn according to law and testimony taken, then states as follows: "After hearing arguments of this case, pro and con, I decided to hold this case for consideration and advisement and later sent a letter to defendant, George Walsh, notifying him that judgment is properly rendered and entered on the date of May 14, 1954, in favor of the plaintiff and against defendant for the full amount of $137.69 plus costs of suit, $7.50 and now costs of entering, $4.50, making a total of $149.69."

Defendant contends that the judgment is void and invalid inasmuch as the justice rendered his judgment 20 days after hearing which is in violation of the provisions of the Act of March 22, 1877, P. L. 13, sec. 1, 42 PS §670, which provides that it shall be the duty of justices of the peace to render judgment in any cause pending before him within a period of 10 days after the evidence in said cause shall have been heard. This act specifically gives a justice of the peace 10 days after hearing in which to enter judgment and if he fails so to do, he is guilty of a misdemeanor. However, it does not provide that a judgment entered after 10 days is invalid. There is a difference of opinion concerning this, as there is authority that a judgment entered after the 10-day period is invalid and also authority to the contrary: Subordinate Courts in Pennsylvania, Valentine, sec. 131, pp. 290-291; Byers v. Stine, 68 D. & C. 533, 535.

We are of the opinion that the provision of the Act of March 22, 1877, supra, that justices of the peace shall enter judgment within 10 days after hearing the evidence, is directory only and not mandatory, and the failure of a justice of the peace to act within the 10-day period does not render the judgment invalid. We agree with the holding of Judge Braham in Nelson v. Wyza,

71 D. & C. 93, and the late Judge Reeder in Zamba v. Braziell, 35 D. & C. 679, that the legislature meant to compel the magistrates to proceed promptly but did not mean to cause a litigant to lose his case because the justice was too slow. We are of the opinion that the act was meant to penalize a justice for failing to act promptly but not to penalize the litigant.

While the fact that the justice of the peace did not render judgment within a period of 10 days does not render the judgment invalid, nevertheless, where he reserves his decision and adjourns the court without day, he cannot subsequently enter judgment without notice to the parties: Leslie, to use, v. Innes, 15 Pa. C. C. 178.

In Fessler v. Sharp, 21 Pa. C. C. 320, it was held that where a justice of the peace withholds his decision to a future day which is not fixed, it is his duty to notify the parties when judgment will be entered, and his failure to do so is a fatal error.

The transcript discloses that the hearing was held on April 25, 1954, and that at the close of the hearing the justice of the peace decided to hold the case for consideration and advisement without fixing a day certain upon which he would enter his judgment. Defendant contends that the judgment in this case is void because the transcript does not state when defendant was notified of the rendering of said judgment. Consequently, the question arises whether sufficient notice was given defendant.

The transcript reveals that after holding the case for consideration, the justice later sent a letter to defendant notifying him that judgment is publicly rendered and entered on the date of May 14, 1954, in favor of plaintiff and against defendant.

It is well settled that every reasonable presumption will be made in favor of the proceedings of a justice of the peace if jurisdiction over the parties is shown:

Tobin v. Macaluso, 67 D. & C. 348, 350. The transcript discloses that the justice sent a notice to defendant of the entry of judgment by means of a letter. We are of the opinion that it was a sufficient form of notice inasmuch as there is a presumption that a letter, prepaid and properly addressed, has reached its destination by due course of mail and the mailing of a letter in such way is prima facie evidence that it was received by the person to whom it was addressed: Higgins Lumber Company v. Marucca, 159 Pa. Superior Ct. 405, 407.

The transcript does not reveal the date on which the notice was sent to defendant. The transcript recites that the justice decided to hold the case for consideration and advisement and later sent a letter to defendant notifying him that judgment is publicly rendered and entered on May 14, 1954. Some cases have held that it is the duty of the justice to notify the parties before entering judgment, where he has reserved his decision and adjourned without day: Fessler v. Sharp, supra. Other cases seem to hold that prompt notice of the entry of such a judgment must be given the parties: Byers v. Stine, supra. It would seem that no good purpose would be served to require the justice to notify the parties when the judgment would be entered, but it does seem vital that he should notify the parties immediately upon the entry of the judgment. In the higher courts when a judge reserves decision, it is usual for the court to enter judgment and then notify the parties of such an entry. There is no reason why the same practice should not prevail in the justice's court.

Whether the justice in this case gave prompt notice of the entry of his judgment depends upon the interpretation of the language used in the transcript. It would have materially clarified the situation if the justice had definitely stated the date on which he sent the notice to defendant. He simply states that after

deciding to hold the case under advisement, he later sent a letter to defendant notifying him that judgment *is* publicly rendered and entered on May 14, 1954. The fact that the verb "is" is used instead of "was", quite clearly indicates that the judgment was rendered either after the letter was sent to defendant or at the same time. The word, "later", as used in the transcript, would indicate that after the justice decided to hold the case under advisement, he sent a letter to defendant. From the language used it is a reasonable presumption that the justice of the peace gave due and timely notice to defendant.

As was previously stated, this court, in the instant proceeding, i.e., a motion to strike off the judgment, cannot go beyond the record. There is some indication in the brief filed by defendant as to a delayed receipt of notice. Unfortunately, the court is not permitted to consider evidence dehors the record. It may be pointed out that defendant could have sued out a certiorari within 20 days following the entry of judgment if he desired to except to any alleged failure of the justice of the peace to follow the commands of the statutes or to any fraudulent conduct on the part of the justice of the peace: Nelson v. Wyza, supra.

After careful consideration of the transcript, we conclude that the justice had jurisdiction over the person and the subject matter in this case, defendant having been properly served with process and the case being one over which the justice has jurisdiction. We find that there are no fatal errors in the transcript of the justice that would move the court to strike off the judgment entered on the justice's transcript.

### Order

And now, to wit, March 4, 1957, defendant's petition and rule to show cause why the judgment should not be stricken off is hereby overruled and discharged. Let an exception be noted for defendant.